ANDERSON STARR & CO. v. CAROLINE A. HALL, Ex'x.

*Attorney and Client.*

An attorney cannot, under his general authority, accept service for his client of the original process by which the action is begun.

APPEAL from an order made at Spring Term, 1882, of BUNCOMBE Superior Court, by *Gilliam, J.*

In this case the summons issued on the 29th day of November 1875, and was returned endorsed as follows, "Service accepted this 3rd December 1875.—C. A. Hall, per M. E. Carter, atto."

At spring term, 1876, the complaint was filed, and also what purported to be an answer for the defendant, prepared by Carter & Carter, attorneys, of which firm M. E. Carter was a member.

The cause stood upon the docket until spring term, 1882, when the defendant obtained a rule upon the plaintiff to show cause why the acceptance of service made in her name should not be stricken out, as unauthorized by her, and the answer made for her be withdrawn from the files of the court, and also moved to quash the summons and dismiss the action.

In support of the rule, she offered her own affidavit, in which she sets forth that while she had retained Mr. Carter, as her attorney in the general management of the estate of her testator, and in the prosecution and defence of several actions brought for and against her, as executrix, she had never given him authority to accept service of process in her name, or to enter an appearance for her without the actual service of process.

She further declares that until the very day upon which she applied for the rule, she had no notice of the pendency

of the action, or that any summons had ever issued or been accepted, or any answer filed, or entry of appearance made for her, and that Mr. Carter had ceased to be her attorney since the year 1877, he then having other engagements which made it inconvenient for him to serve longer in that capacity.

Mr. Carter was also examined as a witness and stated that upon the death of the defendant's testator, he became the general counsel of the executrix for the management of the estate, and assumed the active control of all matters pertaining thereto; that he collected the money due for insurance upon the testator's life, sold a stock of goods belonging to the estate, and paid, and collected debts, giving receipts when necessary. He also brought several actions in the name of the executrix and conducted them to their determination without advising with her, and defended one or more suits brought against her—doing all these things by virtue of his employment as the general counsel for the estate, and not upon any special employment in any particular case. But that in no instance save this one, had he accepted service of a summons for her, nor had he been generally authorized to do so, or specially in this case, and that his only motive for doing so, in this instance, was to save the defendant the annoyance of having service made by an officer, and to avoid costs to the estate; and that, for the reasons, stated by the defendant, he had ceased to be her attorney since 1877. This motion was made by another attorney.

Upon the evidence the judge below found the fact to be : That the summons in this case did not go into the hands of the sheriff, nor was it served on the defendant or accepted by her, but that Mr. Carter, acting as her attorney, and at the request of the plaintiffs' attorney accepted the service thereof, the same being done to save her inconvenience and expense, though without authority, either general or special; that the defendant had no knowledge of such ac-

ceptance, nor of the entry of an appearance · in her name, or the filing of an answer, or of the pendency of the action, until the day upon which she applied for the rule, and then .she learned it accidentally; and thereupon he allowed the defendant's motion, and ordered the entry of "service accepted" to be erased, and granted leave to withdraw the answer filed, and the appearance entered for her. To this ruling the plaintiffs excepted and appealed.

*Mr. James H. Merrimon,* for plaintiffs.
*Mr. Johnstone Jones,* for defendant.

RUFFIN, J. The authorities, with reference to the right of an attorney to bind his client by accepting service of process for him, leave no room to doubt the correctness of His Honor's ruling in this case.

An attorney cannot, under his general authority, accept service for his client of the original process by which the action is begun. 1 Wait's Actions, 439; *Bagley* v. *Barkland,* 1 Exch., (W. H. and G.) 1; *Masterson* v. *LeClaire,* 4 Minn, 108.

The principles upon which these authorities rest, is, that it is no part of the duty of an attorney, nor within the scope of his authority, to admit of service for his client, of the original process by which the jurisdiction of the court over the person of the client is first established, for until that be done, the relation of client and attorney cannot begin; nor can it be created by the act of the attorney alone. To exercise such a power would be to act rather as an agent, or attorney in fact, than as an attorney of the court, and to give effect to it, therefore, there must needs be a special authority for it; and as the law is plain, that the summons must be personally served upon the defendant, if a party will take upon himself the responsibility of discarding the mode prescribed by law, and admit of a waiver of such

service by an attorney, he is bound to see to it, that the latter has the authority to act, or else, the inconvenience must be on himself.

After judgment, even in the case of an unauthorized appearance for the defendant, the courts will use some caution in giving relief, and will consider how far they can do so without doing prejudice to the plaintiff, who may have trusted to the official character of the attorney and thereby been misled. But when pending the litigation the authority of the attorney is denied, they more readily grant relief if asked in due season. Weeks on Attos. § 197.

We are bound to accept the facts as found in the court below, and taking it to be true that Mr. Carter, however he may have construed his right to act for the defendant, by reason of his general retainer as her counsel, had really no authority to bind her, or to enter an appearance for her; and that she remained ignorant of his action in the matter, and even of the pendency of the suit, until the day of her application to be relieved, there can be no question as to the duty of the court to protect her, and therefore the judgment is affirmed. Let this be certified.

No error. Affirmed.