E. S. WARLICK et al. v. H. P. REYNOLDS & CO. and FIRST NATIONAL BANK OF HUNTINGDON, PA., et al.

(Filed 8 January, 1910.)

1. Courts — Jurisdiction — Special Appearance — Continuance of Motion—Waiver.

Jurisdiction in case of actions in *personam* can only be acquired by personal service of process within the territorial jurisdiction of the court, or by acceptance of service, or by general appearance, actual or constructive, this last usually arising by reason of some motion in the cause which can only be made in behalf of one who submits his case generally to the court's jurisdiction.

2. Summons—Acceptance of Service—Attorneys at Law.

An attorney at law, without having special authority, cannot make a valid acceptance of service of original process.

3. Courts—Jurisdiction—Attorneys at Law—Special Appearance—Continuance of Motion—Waiver.

By entering a special appearance, expressly restricted to the special purpose of moving to dismiss for want of jurisdiction, with a request for a temporary continuance of such motion, an attorney does not enter a general appearance, actual or constructive, or waive any rights of his client to dismiss accordingly.

4. Courts—Jurisdiction—Injunction—In Personam.

An injunction can only operate *in personam*, and unless jurisdiction of the party can be acquired, the attempted procedure is a nullity, and on motion properly made it should be dismissed.

5. Same—Promissory Notes—Non-Residents—Situs—Proceedings Quasi in Rem.

Proceedings to restrain the negotiation of a note in the hands of a holder, a non-resident and beyond the borders of the State, should be dismissed, and not retained by the courts of our State as a proceeding *quasi in rem*. The *situs* of the note, in matters of injunction, is governed by the general rule, that it is at the home of the creditor, differing from the exception to this rule made in proceedings in attachment.

6. **Courts—Jurisdiction—Demurrer—Procedure.**

   A party defendant may enter a special appearance for the purpose of demurring to the jurisdiction of the court, and have the court determine and inform him of the validity of proceedings affecting a substantial right, and he is not required to test the validity by disobedience, and thereby risk the process of contempt. *Clark v. Mfg. Co.*, 110 N.. C., 111, cited and approved.

7. **Injunction—Substantial Right—Procedure—Appeal and Error.**

   An order continuing an injunction to restrain the holder from negotiating a promissory note affects a substantial right, and an appeal therefrom presently lies.

8. **Courts—Jurisdiction—Non-Residents—Damages—Attachment— Situs of Credits.**

   While an order may not be granted restraining the negotiation of a promissory note in the hands of a holder who is a non-resident of the State and beyond its borders, the action may not be dismissed when there are allegations of damages sustained by reason of fraud in the procurement of the instrument and an attachment issued in the cause has been levied on indebtedness of resident debtors to the holder, within the jurisdiction of the court.

ACTION heard on motion to dismiss and dissolve a restraining order, before *Justice, J.,* at chambers in Rutherfordton, N. C., on 15 October, 1909.

It appeared that on August 25, 1909, E. H. Warlick *et al.,* plaintiffs, citizens and residents of Burke County, N. C., had instituted the action in the Superior Court of said county against H. P. Reynolds & Co. and the First National Bank of Huntingdon, Pa., citizens and residents of the State of Pennsylvania, *et al.,* claiming that plaintiffs, by fraudulent statements and practice on the part of defendants H. C. Reynolds & Co., had been induced to execute three promissory notes, for $1,200 each, payable respectively 10 September, 1909, 1910 and 1911, and that said H. P. Reynolds & Co. had placed said notes with the defendant bank in Pennsylvania, with the view and purpose of negotiating said notes and thereby passing them into the hands of holders in due course, and would do so, etc., unless restrained; and facts were also alleged indicating a right to recover damages for fraud and deceit in said transaction on the part of defendants. Pending the action, plaintiffs also sued out therein a warrant of attachment from the Clerk of Burke County Superior Court, and caused same to be levied on certain indebtedness of third parties, citizens and residents in North Carolina, to H. P. Reynolds & Co. The affidavits, as stated, indicating a right to recover damages for the fraud alleged against said defendants, the other facts directly relevant to the question presented are

embodied in the judgment of his Honor entered on the hearing, and are as follows:

"This cause coming on for hearing before *Hon. M. H. Justice,* at chambers, in Rutherfordton, N. C., on 15 October, 1909, and being heard on motion of plaintiffs to continue restraining order heretofore issued to the hearing, and of the defendants' counsel entering special appearance H. P. Reynolds & Co. and the First National Bank of Huntingdon, Pa., to dismiss the action and to vacate and dismiss the restraining order, and to vacate order of attachment, as hereinafter set forth, the court finds the following facts:

"That the summons was issued by the Clerk of Burke Superior Court to the sheriffs of Burke and Randolph counties on 27 August, 1909; that the notes in controversy were in North Carolina at the date of the issuance of the summons, and were shortly thereafter returned to the defendant bank at Huntingdon, Pa.; that the plaintiffs, on affidavit filed, on 1 September, 1909, had order of publication of summons made for H. P. Reynolds & Co. and the First National Bank of Huntingdon, Pa., and also sent a copy of the publication of summons and the statement of the cause of action to the Sheriff of Huntingdon County, Pa.; that the Sheriff of Huntingdon County, Pa., served the summons and statement of the plaintiffs' claim on H. P. Reynolds & Co. and First National Bank of Huntingdon, Pa., as shown in the record, and that the attorneys for each of the said defendants made the following entry on the back of said summons:

"'Now, this 6 September, A. D. 1909, I accept service of notice of this action in the Superior Court of Burke County, N. C.  Chas. T. Bailey, attorney for H. P. Reynolds.'

"'Now, 6 September, 1909, I accept service of notice of this action in the Superior Court of Burke County, N. C.  John D. Dorris, attorney for First National Bank of Huntingdon, Pa.'

"That on 23 September, 1909, a restraining order was issued in this cause against said defendants, restraining them from disposing of or transferring said notes; that said restraining order was sent to and served on the said defendants by the Sheriff of Huntingdon County, Pa., as shown, on 27 September, 1909.

"That when the cause came on for hearing on plaintiffs' motion to continue the restraining order to the hearing on 5 October, 1909, at Hendersonville, N. C., the court received the telegram from Avery & Avery, attorneys, of Morganton, N. C., as follows:

" 'MORGANTON, N. C., October 5, 1909.
" 'HON. M. H. JUSTICE, Hendersonville, N. C.

" 'Have just been retained in Warlick et al. v. Reynolds and
Bank. Wish to enter special appearance, and make motion, sup-
ported by affidavits, to dismiss. Please continue hearing till Fri-
day, the 15th inst.                                    AVERY & AVERY.'

"That on receipt of said telegram, and in consequence thereof,
the court continued the hearing, as requested, making the follow-
ing orders on the back of the said restraining order:

" 'HENDERSONVILLE, N. C., Oct. 5, '09.

" 'The within order, and the hearing thereof, is continued, to
be heard at Rutherfordton, N. C., 15 October, 1909, in compli-
ance with telegram, hereto attached, from Messrs. Avery &
Avery.                                      M. H. JUSTICE, Judge.

" 'The plaintiffs have leave to make any further service of this
order and affidavits as they may be advised.'

"That on 5 October, 1909, the plaintiff had the following
notice, together with the restraining order, affidavits, etc., served
on Avery & Avery, as counsel for defendants H. P. Reynolds &
Co. and First National Bank of Huntingdon, Pa., by the Sheriff
of Burke County:

"To H. P. REYNOLDS & Co. and FIRST NATIONAL BANK OF HUNT-
INGDON, PA., and AVERY & AVERY, Attorneys:

" 'You are hereby notified to produce, on the hearing of the
motion to continue the restraining order in this cause, before
Judge M. H. Justice, at Rutherfordton, N. C., on 15 October,
1909, and allow the plaintiffs' inspection of the three notes in
controversy in this action, and which are attacked for fraud,
and dated about 10 September, 1908, and described in the affi-
davit, a copy of which and of the said restraining order hereto
attached and served on you with this notice. This 6 October,
1909.                                           J. T. PERKINS,
                                                 JOHN M MULL,
                                            Attorneys for Plaintiffs.'

"That on the hearing on 15 October, at Rutherfordton, coun-
sel for both parties appeared specially, and Avery & Avery asked
to enter a special appearance of said defendants and moved to
dismiss the action, to vacate and dissolve and dismiss the re-
straining order, and vacate the order of attachment set forth in

the record, and offered the affidavits filed of John Dorris and Thomas B. Bailey.

"It is further found as a fact that there was no actual service of summons or acceptance of service by defendants, except as appears by affidavits of Dorris and Bailey and return of service by the.Sheriff of Huntingdon County, Pa.

"Upon said records, findings of fact and the affidavits filed, and the evidence of record, it is, on motion of J. M. Mull and John T. Perkins, attorneys for plaintiffs, ordered and adjudged that the restraining order heretofore issued be continued to the final hearing, and that said defendants H. P. Reynolds & Co. and the First National Bank of Huntingdon, Pa., .their agents, servants and employees, be enjoined and restrained from assigning, transferring or disposing, in any manner whatsoever, the three notes, of $1,200 each, signed by the plaintiffs E. S. Warlick, W. H. York, O. L. Thornburg, J. A. Beach, J. H. Dale and others, made payable to the defendant H. P. Reynolds & Co. and dated on or about 10 September, 1909.

"Upon the statement of counsel, Avery & Avery, the said notes are not in their individual possession, but in the possession of their said clients, as they are informed; the production and impounding with the clerk of said notes is left open, without prejudice to plaintiffs, to move for further production and impounding with the Clerk of Burke Superior Court, upon the filing of a complaint. The court refused to vacate the order of attachment, with the seizin thereunder, on the ground that defendants had given no notice of motion for same.

(Signed)    M. H. JUSTICE, *Judge, etc.*

"At chambers in Rutherfordton, N. C., Oct. 15, 1909."

To these findings and order the defendants excepted and appealed.

*J. M. Mull* and *J. T. Perkins* for plaintiff.
*Avery & Avery* for defendant.

HOKE, J., after stating the facts: Jurisdiction in case of actions *in personam* can only be acquired by personal service of process within the territorial jurisdiction of the court, or by acceptance of service, or by a general appearance, actual or constructive, this last usually arising by reason of some motion in the cause, which can only be made in behalf of one who submits his case generally to the court's jurisdiction. *Vick v. Flournoy,* 147 N. C., 209; *Scott v. Insurance Co.,* 137 N. C., 515; *Bernhardt v. Brown,* 118 N. C., 701; *Pennoyer v. Neff,* 95 U. S., 715.

In the present case there has been no service in any of the modes suggested—none by personal service nor by acceptance personally—and our decisions are that an attorney at law, under his general authority as such, cannot make a valid acceptance of service of original process. *Anderson v. Hall,* 87 N. C., 381. And on the testimony it is found as a fact that the attorneys here had no special authority for the purpose indicated, nor has there been any general appearance, actual or constructive. True, there are decisions to the effect that when a motion for a continuance has been made and allowed, this will be considered a general appearance of the moving party, but such a ruling will no doubt be found to obtain in cases where the motion was made generally for the continuance of the cause, and not as here, where the appearance was expressly ·restricted to the special purpose of moving to dismiss for want of jurisdiction, and there was only a request for a temporary continuance of the motion. In so far as the action seeks to set aside the notes for fraud, and to enjoin their transfer, this is strictly an action *in personam.* An injunction can only operate *in personam;* and unless jurisdiction of the party can be acquired, the attempted procedure is a nullity, and, on motion properly made, it should be dismissed. *Hinton v. Insurance Co.,* 126 N. C., 18; *Telegraph Co. v. Telegraph Co.,* 49 Ill., 90; *Hazelhurst v. Railroad,* 43 Ga., 13; High on Injunctions (4th Ed.), sec. 33.

In *Hinton's case* it was held: "1. The States of the, Union being coequals in authority and power, no State, through its courts, can extend its coercive power, nor provide for personal service of process, nor affect by judicial determination property outside of its own territory. Any such attempt to extend its jurisdiction beyond its own limits over persons or property in another State is without authority and void."

In *Hazelhurst's case,* 43 Ga., *supra,* it was held: "That a court of equity of this State will not enjoin nonresidents of the State who are not and cannot be served with process, and who are outside of its boundaries, from doing acts of a personal character beyond the State lines and beyond the jurisdiction of its process for contempt of its order."

And in High on Injunctions, sec. 33, the doctrine is stated as follows: "The jurisdiction of equity by way of injunction being, as we have already seen, strictly *in personam,* it will not be exercised against persons and property beyond the borders of the State in which the proceedings are instituted. Neither law nor comity between distinct State governments recognizes the authority of one State to exercise jurisdiction over citizens and

property beyond its borders. Nor will equity attempt by injunction to restrain a nonresident defendant, who has not been served with process, and who is not subject to the jurisdiction of the court, from performing some act beyond the State, even though there has been constructive service by publication as to such defendant."

It is no satisfactory answer to this position that if the process is void, defendant need not regard it. One whose rights are involved and affected by an order of this character is not required to test its validity by disobedience, and thereby risk the process of contempt, but he may appear specially and have the court determine and inform him as to the validity of the proceedings; and if it be shown on the hearing that no personal service of process has been or can be had within the jurisdiction, the injunction should be dismissed (*Adams v. Lamar,* 8 Ga., 83-87); and if the ruling be against him, an appeal presently lies.

This is the very course suggested and commended in *Clark v. Mfg. Co.,* 110 N. C., 111, that the party affected should appear specially, and if the ruling be against him he can preserve his rights by noting an exception and entering a general appearance. True, it is held with us that where a motion to dismiss for want of jurisdiction is overruled, the party can only note his exception and proceed with the cause, and that no appeal then lies; but this is on the ground that overruling such a motion to dismiss is not ordinarily an appealable order, in that no substantial right of the litigant is thereby affected; but when the process is that of an injunction, an order continuing same, if valid, then and there affects a substantial right, and so an appeal, as stated, presently lies.

It was suggested that this being an action to set aside the notes of resident debtors, it could be treated as a proceeding *quasi in rem,* as in cases of attachment, but this position is not sustained by authority. As a general rule, and for general purposes, the *situs* of negotiable notes is at the home of the creditor. It is otherwise, as indicated, in the case of attachment, wherein the *situs* of notes, for purposes of the process, is held to be at the home of the debtor. *Cooper v. Security Co.,* 122 N. C., 463. This exception to the general rule is made chiefly on the ground that the court process in such case operates on the indebtedness and affects the conduct of the debtor concerning it, to-wit, in reference to its payment and satisfaction; and, this being recognized doctrine, creditors by note take and hold them subject to its application in cases where attachment lies. The same princi-

ple has been upheld in case of creditors' bills operating in the nature of equitable *fi. fas.* (Beach on Injunctions, sec. 82, citing *Bragg v. Gaynor,* 85 Wis., 68) ; and also in actions affecting the title and interest of nonresidents in realty situate within the jurisdiction, as in *Flournoy's case, supra; Arndt v. Suggs,* 134 U. S., 116.

But in our case the relief sought can only be made effective by operating on the creditor and his interest in the notes and his conduct concerning them; and the *situs* of the notes, for the purpose of this action, therefore, comes under the general rule and must be considered as at the home of the creditor.  *Hinton v. Insurance Co., supra; Adams v. Lamar, supra.*

In this last case, *Nisbet, J.,* quoting with approval from *Dearing v. Bank,* 5 Ga., 503, states the correct principle, as follows: "That the courts of this State have no extra territorial jurisdiction and cannot make the citizen of foreign States amenable to their process or conclude them by a judgment *in personam* without their consent; and a judgment *in personam* against a citizen of a foreign State, in a cause wherein he did not appear, although notice was served on him by publication, is a nullity."

We are of opinion, therefore, and so hold, that defendants' motion in the present case was jurisdictional in its nature; that they had the right to appear specially, and, having properly noted their exceptions, they could test the validity of the injunction order by a present appeal, and that there was error in refusing to dissolve the injunction in accordance with their motion. On the record, however, we do not think the action could be dismissed, and this by reason of the claim for damages for fraud and deceit on the part of defendants in obtaining the notes in question, and the attachment issued in the cause and levied on indebtedness to defendants of certain citizens of Caldwell County, etc.  We have held, in *Worth v. Trust Co.,* at the present term, that under our statutes an attachment lies in a case of this character, citing, among other authorities, and as more especially pertinent to this case, *Paper Co. v. Searing,* 54 N. Y. Supreme Court, 237.  And this process, as stated, having been levied on indebtedness to defendants from persons within the jurisdiction of the court, the cause will proceed for the purpose of condemning and applying the property levied on to such indebtedness as plaintiff may be enabled to establish on the trial.  *Pennoyer v. Neff, supra.*

This will be certified, to the end that the injunction be dismissed and the cause otherwise conducted in accordance with this opinion.

Error.