ANNYE U. ALEXANDER v. WILL ED THOMPSON ET AL.

(Filed 26 June, 1935.)

1. **Judgments L f—**

   It is not error for the court to dismiss plaintiff's action upon his finding, unchallenged, that the matters sought to be litigated therein are *res judicata.*

2. **Same—Dismissal of action on plea of res judicata is error where defendant is granted affirmative relief upon prayer in answer.**

   When plaintiff's suit to restrain foreclosure is dismissed upon the plea of *res judicata,* and defendants' cross-action for foreclosure in equity is allowed, and a commissioner appointed to sell the lands and report the sale for confirmation, it is error to defendants' prejudice for the court to dismiss the action, and the action should be retained for further orders.

APPEAL by plaintiff from *Cranmer, J.,* 12 October, 1934. From DURHAM.

Civil action to restrain foreclosure under power of sale in deed of trust, and for general relief.

In answer, the defendants plead *res judicata,* and by way of further plea ask for foreclosure in equity.

On the hearing, the court found that: (1) "The subject-matter of this action has previously been adjudicated in separate and distinct judgments . . . adversely to the plaintiff;" (2) granted the defendants' prayer for foreclosure in equity; (3) appointed commissioners to make sale; (4) required that they report sale to the court for confirmation; and (5) dismissed the action.

Plaintiff appeals and assigns as error "the action of the court in dismissing the action."

*S. J. Bennett for plaintiff.*
*Bryant & Jones for defendants.*

STACY, C. J. The dissolution of the temporary restraining order is not challenged by the appeal; nor is the foreclosure in equity questioned; the only assignment of error relates to the dismissal of the action.

12—208

There was no error in dismissing plaintiff's alleged cause of action upon the finding, which is unchallenged, that the matters therein sought to be litigated are *res judicata.* 14 R. C. L., 469.

There was error to the prejudice of the defendants in dismissing the action after granting their prayer for foreclosure in equity. To this end the cause should have been retained for further orders. *Warlick v. Reynolds,* 151 N. C., 606, 66 S. E., 657.

Modified and affirmed.