22 U.S. 565 (1824)
9 Wheat. 565
KERR, Appellant,
v.
The DEVISEES OF A. MOON, Respondents.
Supreme Court of United States.
February 20, 1824.
March 15, 1824.
*566 This cause was argued by Mr. Scott for the appellant, and by Mr. Brush for the respondents.
Mr. Justice WASHINGTON delivered the opinion of the Court.
The respondents filed their bill in the Circuit Court for the District of Ohio, in which it is stated, that Archelaus Moon was, in his lifetime, entitled to warrants for 4000 acres of land in the Virginia Military District, between the Scioto and Little Miama rivers, in the State of Ohio, under the ordinances and laws of Virginia, on account of his services as a captain in the Virginia line on continental establishment, during the war of the revolution. That, being so entitled, he, on the 8th of May, 1796, in the county of Fayette, in Kentucky, where he resided, duly made and published his last will and testament, which, after his decease, in the same year, was proved and admitted to record in the Court of that county; an authenticated copy whereof, with the probate annexed, is made an exhibit, and referred to as part of the bill. That by this will, the testator devised the aforesaid land to the complainants, his widow and children. The bill then sets forth, that on the 2d of January, 1809, four warrants, for 1000 acres *567 each, were granted to Robert Price, assignee of Josiah P. Moon, and George C. Friend, and Martha his wife, formerly Martha Moon, who are described in the assignment, as the only children and representatives of Archibald Moon, deceased; which warrants were, some time in the same or the succeeding year, assigned by Price to the defendant Kerr, who, in March, 1810, made fifteen entries or locations thereon, amounting in the whole to 3723 acres, leaving 277 acres unlocated. That, some time in the winter of 1811, the complainants gave notice to Kerr of their claim to the said warrants and land, and of their intention to prosecute the same, personally, in writing, and by a publication in a newspaper printed in Chilicothe. That Archelaus and Archibald Moon were the same name and person, and that Josiah P. Moon and Martha Friend were his children by his first wife, and were disinherited by the aforesaid will. That the defendant had notice that the assignment to Price was fraudulent. The bill prays a discovery of the matters so alleged, and a decree that the defendant Kerr assign the evidences of title to the said lands to the complainants, and for general relief.
The answer admits that the defendant purchased from Robert Price, in September, 1809, four several land warrants, for 1000 acres each, for which he paid and secured to be paid to said Price, the sum of 2663 dollars. That the warrants issued for the military services of Archibald Moon, and that they were assigned to the defendant at the time of his purchase. That in March, 1810, and at different times thereafter, the defendant *568 made various entries of land on the said warrants, in the Virginia military district, believing his title to said warrants to be unquestionable; and that the lands so located are owned either by the said defendant, or by those to whom he had sold them. The defendant denies the notice charged in the bill, except that, in the winter of 1811, he saw the publication in which the claim of the complainants was asserted, before which time he had sold a great part of the lands to different persons for a valuable consideration, the principal part of which he had received, and that some of the purchasers have made valuable improvements on the lands. He denies all knowledge of the will, or that the complainants are the heirs or devisees of said Moon.
To this answer a general replication was put in, and a number of depositions were taken and appear in the record. The material facts which they establish are, the execution of Moon's will; the proof of it, and its admission to record in the County Court of Fayette, in Kentucky; the destruction by fire of the Clerk's office of that County in 1802 or 1803, with most of its records; and that an attested copy of the above will was procured and admitted to record in the said County Court, in conformity with a special act of the State of Kentucky, for supplying the evidence of deeds, wills, and other records of the said office, which had been consumed. That the testator was sometimes called Archelaus, and at other times Archibald; and that he had four children by his first wife, of whom Josiah P. and Martha were *569 two, and six children by his last wife, who, with his widow, are the plaintiffs in this suit.
After a reference to the Master, and the coming in of his report, a final decree was made thereon, that the defendant, Kerr, assign to the complainants all the warrants, entries, and surveys procured under the warrants granted to Price, and by him assigned to the defendant; that Kerr was to be paid by the complainants, for his trouble and expense in locating and surveying the said lands, at the rate of £12 10s. per 1000 acres; and also, the sum of 487 dollars and 48 cents, which he had paid for taxes on the said lands, with interest thereon. From this decree an appeal was taken to this Court.
The objection principally relied upon by the appellant's counsel is, that no estate in the lands in controversy passed by the will of Archelaus Moon to the respondents, because the same was not proved and recorded in any Court of the State of Ohio, where the lands lie, in conformity with the existing laws of that State. By an ordinance of Congress, for the government of the territory north-west of the river Ohio, passed on the 13th of July, 1787, it is declared, that, until the Government and Judges should adopt laws as prescribed by that ordinance, estates in the territory might be devised or bequeathed by wills in writing, signed and sealed by the testator, (being of full age,) and attested by three witnesses; provided such wills should be duly proved and recorded within one *570 year after proper Magistrates, Courts, and Registers should be appointed for that purpose.
It is an unquestionable principle of general law, that the title to, and the disposition of real property, must be exclusively subject to the laws of the country where it is situated. This was decided in the case of the United States v. Crosby, (7 Cranch, 115.) The application of this principle to the present case, is controverted by the counsel for the respondents, upon the following grounds:
1. That the interest of the testator in these lands ought to be considered and treated as personal estate, and, therefore, it might well pass by a will, proved and admitted to record in the State where the testator died.
2. That by an act of the Legislature of Ohio, passed on the 25th of January, 1816, authenticated copies of wills, proved according to the laws of any State or Territory of the United States, relating to any estate within that State, are allowed to be proved in the Court of the county where such estate shall be; and when so proved and admitted to record, they are declared to be good and valid in law, as wills made in the State.
3. That as no objection was made in the Circuit Court to the admission of the authenticated copy of this will, it ought not to avail the appellant in this Court.
1. It can by no means be admitted, that this is to be considered in the light of personal property, notwithstanding the title of Moon rested merely upon a legislative reservation in his favour by *571 the State of Virginia, which was to be afterwards perfected by the grant of a warrant, and by a location, survey and patent. Although his title to any particular tract of land was, in the first instance, altogether uncertain, and, even after location, was purely equitable, still the subject matter of the devise was land, the title to which could not be acquired or lost, except in the way prescribed by the laws of Ohio. But could it even be conceded, that this was personal property, it would still be property within the State of Ohio; and we hold it to be perfectly clear, that a person claiming und era will proved in one State, cannot intermeddle with, or sue for, the effects of a testator in another State, unless the will be proved in that other State, or unless he be permitted to do so by some law of that state. In the case of Doe v. M`Farland, (9 Cranch, 151.) it was decided, that letters testamentary gave to the executors no authority to sue for the personal estate of the testator, out of the jurisdiction of the power by which the letters were granted.
2. The next reason assigned why the general principle above laid down does not apply to this case, is deemed by the Court altogether insufficient; because, whatever benefit the devisees might have derived under the act of the 25th of January, 1816, had they pursued the requisitions it prescribes, as to which we give no opinion, it is a sufficient answer to the argument drawn from that act, to observe, that its requisitions were not pursued. It permits authenticated copies of wills, proved according to the laws of any State of this *572 Union, relating to any estate within that State, to be offered for probate in the Court of the county where the estate lies, and authorizes the same to be there recorded; and it then proceeds to declare the effect of such recording to be, to render the will good and valid, as if it had been made in the State, subject, nevertheless, to be contested as the original might have been. But it does not appear that the copy of this will was offered for probate and admitted to record. Had it been so offered, it might have been contested, and for any thing that we can say, the sentence of the Court of Probate might have been not to admit it to record.
3. The last point remains to be considered. That the objection to the validity of this will to pass the lands in controversy to the respondents, was not made in the Court below, is highly probable, as we observe that it is not noticed, much less relied upon, in the answer. Nevertheless, the will, duly proved and recorded, according to the laws of Ohio, constituted the sole title under which the plaintiffs in the Court below claimed the lands in dispute. It was as essential, therefore, to the establishment of that title, to allege in the bill, and to prove by the evidence, or by the admission of the defendant, that this will had been proved and recorded, according to the laws of Ohio, as to set forth and prove the existence of the will itself. The defect in the title of the respondents appears upon the face of the bill, and as it contains no allegation that a copy of the will had been duly proved and recorded, the defendant *573 cannot be said to have admitted those facts by not denying them in his answer.
The Court erred, therefore, in decreeing an assignment of all the warrants, entries, and surveys under the warrants, to the complainants.
Considering, as we must, in the present state of the cause, that A. Moon died intestate as to these lands, they of course descend to those persons who are entitled to the same according to the laws of Ohio; and this is a subject fit to be decided by the Court below, to which the cause must be remanded for further proceedings.
Decree reversed, and the cause remanded for further proceedings.