## MOORE, Adm'r vs. LEWIS.

1. A suit cannot be maintained for a legacy, until the will has been admitted to probate; and, as the sentences of foreign courts do not operate beyond the limits of their jurisdiction, except as evidence, the probate of a will in Cuba confers no authority to proceed upon it as a will in this State, for the recovery of a legacy, although it might be evidence upon which to have the will admitted to probate here.

Error to the Chancery Court of Madison.

Heard before the Hon. D. G. Ligon.

This bill was filed by the plaintiff in error, as the administrator of Samuel Betts, deceased, to recover of the defendant in error a legacy, which, it charges, was bequeathed to said Betts by his son, Samuel Betts, jr., who resided and died in the island of Cuba. The bill charges, that the will of said Samuel Betts, jr. was duly proven in Cuba, and retained there, but it contains no allegation that it has ever been admitted to probate in this State, or in any of the United States. The object of the bill is, to charge the assets of the testator, which, it is alleged, the defendant has reduced into his possession.

The defendant demurred to the bill, for want of equity, and because it was not shown that said will had ever been admitted to probate, in any state or territory of the United States. The Chancellor sustained the demurrer, and dismissed the bill; and his decree is now assigned for error.

S. D. J. Moore, for plaintiff in error.

D. C. Humphreys, contra.

GOLDTHWAITE, J.—The rule is, that a suit cannot be maintained for a legacy until the will has been admitted to probate, Kerr v. Moore, 9 Wheat. 565; Sheppard v. Nabors, 6 Ala. 631; and as sentences of foreign courts do not operate, except as evidence, beyond the limits of their jurisdiction, the proof or probate of the will in Cuba conferred no authority to proceed upon it as a will in this State, although it might be evidence upon which to have it admitted to probate here.

The title of the plaintiff in error to the legacy depended upon the will, and until he had established it as such, according to the laws of this State, he could assert no right under it in the courts of this State. Armstrong v. Lear, 12 Wheat. 169. Had administration been granted in Cuba, and the property remitted to this State by the personal representative, for the purpose of paying legacies, no suit could be maintained for it, in the absence of a specific appropriation, without administration taken out here. Story on Conflict of Laws, § 515. It would be calling on the court to administer personal estate, without having the personal representative before it, which cannot be done. Logan v. Fairlee, 2 Sim. & Stu. 284.

The decree of the Chancellor was correct, and the judgment is affirmed.