# CASES

IN

# THE SUPREME COURT

## OF ALABAMA.

### JUNE TERM, 1875.

## Wood v. Mathews.

### Bill in Equity to compel Settlement and Distribution of Estate.

1. *Testamentary papers; what necessary to cognizance of.*—Courts of law and equity in this country, will not take cognizance of testamentary papers, or of the rights dependent on them, until after proper probate.

2. *Bill to compel settlement; what necessary to maintain.*—A bill to compel the settlement and distribution of an estate, by persons whose sole right is derived under the will of an heir or distributee, entitled to share in it, cannot be maintained unless it shows that the testamentary paper, upon which their rights depend, has been duly admitted to probate in this State.

APPEAL from Chancery Court of Autauga.

Heard before Hon. CHAS. TURNER.

This was a bill filed by Wm. M. Mathews, Mary A. Mathews his wife, and Mary B. Smoot, Jr., against Philip A. Wood and John A. Wood, administrator *de bonis non* of the estate of Richard Morton, deceased, and as administrators of John Wood, deceased, and the heirs at law of said Richard, to compel a settlement and distribution of his estate.

Richard Morton, a citizen of Autauga county, died intestate, in the month of March, 1857, and on the 31st day of that month, letters of administration, on his estate, were granted to John Wood, who immediately qualified, and took possession of the estate. He made but one settlement, which was a partial one, on the 29th day of October, 1866. He

[Wood v. Mathews.]

died in the month of May, 1867, and Philip A. Wood and John A. Wood, his sons, were appointed administrators of his estate, and on the 4th of June, 1867, were also appointed administrators *de bonis non* of the estate of Richard Morton, deceased.

Among the heirs-at-law of Richard Morton was Mary B. Smoot, Sr., his sister, a resident of the District of Columbia, who died on the 20th of April, 1857, leaving a will by which she bequeathed all her property to her three grand children, John W. Smoot, Mary A. Mathews, then Mary A. Smoot, and Charles C. Smoot. Her will was duly admitted to probate, in the District of Columbia, and one Richard P. Jackson, qualified as her executor there. John Wood was appointed administrator of her estate in Alabama, and upon his death William Wood, one of his sons, was appointed administrator *de bonis non,* and was such at the filing of the bill. On the 23d day of December, 1863, Chas. C. Smoot died, leaving a will, devising all his property to his mother Mary B. Smoot, Jr., and on the 30th of December, 1865, John W. Smoot died intestate, leaving his sister, Mary A. Mathews, his sole heir and distributee. Charles Smoot, Mary B. Smoot, Sr., and John W. Smoot, were citizens and residents of the District of Columbia, at the time of their deaths. Neither the will of Mary B. Smoot, Sr., nor that of Charles C. Smoot was admitted to probate in Alabama. On a final hearing a decree was rendered in favor of the complainants for the share of Mary B. Smoot, Sr., and this is now assigned among other things for error.

W. H. NORTHINGTON, PETTUS & DAWSON, and RICE, JONES & WILEY, for the appellants.—The complainants did not claim as the heirs-at-law of Mary B. Smoot, Sr.,but as her legatees, and the will of Mary B. Smoot, Jr., through which all their title or interest in the estate of Richard Morton is derived, not being proved, they cannot maintain their bill. *Plunkett* v. *Kelly,* 22 Ala. 655; *Hall* v. *Andrews,* 17 Ala. 40; *Gardner* v. *Gantt,* 19 Ala. 666; *Wilkins* v. *Judge,* 14 Ala. 135.

ELMORE & GUNTER, *contra.*—The complainants are the proper representatives of Mary B. Smoot, Sr., and as such can maintain their bill. *Nix* v. *Winter,* 35 Ala. 309; *McLane & Plowman* v. *Riddle & Burt* 19 Ala. 180, and authorities there cited; *Green* v. *Pledger,* 3 Hare 165

BRICKELL, C. J.—The appellees William M. Mathews,

[Wood v. Mathews.]

and his wife Mary A., and Mary B. Smoot, were the complainants in the bills original and amended filed in the court of chancery. The object and prayer of the bills, is a settlement of the administration and distribution of the estate of Richard Morton, who died intestate. The complainants do not bear the relation of heirs or distributees to Richard Morton. Title to the relief sought is deduced, from the fact that the complainant, Mary A. Mathews, is a legatee under the will of her grandmother, Mary B. Smoot, who was an heir and distributee of said Morton, and that she, said Mary A., is the sole heir and distributee of a deceased brother, who was also a legatee under the will of said Mary B. The complainant Mary B., Jr., deduced her title under the will of her son, who was a legatee under the will of his grandmother, said Mary B., the heir of said Richard. It is not averred or shown that either of the wills, on which the right of the complainants to relief depends, has been admitted to probate in this State.

The cause has been argued here, on several questions, into an examination of which we do not enter, because the judgment we feel compelled to pronounce, proceeds upon a single point, and in no event can affect these questions, or prejudice the just claims of the complainants.

The common law committed exclusive jurisdiction over wills of personal estate, to the ecclesiastical courts; and before any testamentary paper of personalty could be admitted in evidence, probate of it in those courts was indispensable. The law of this State confers on the courts of probate original and exclusive jurisdiction, not only of the probate of wills of personalty, but of realty, and the only evidence of the existence of such will, which can be received in any other forum, is the sentence of that court, declaring its authenticity and validity. In *Shepherd* v. *Nabors*, 6 Ala. 637, an instrument was executed in Tennessee, which was declared a will, and not a deed. Probate of it had not been taken, and as was stated by the court, the question presented was, whether the legatee of personal property could recover it at law, until the will had been admitted to probate in the proper forum. Quoting approvingly the declaration of *Lord Kenyon*, in *Rex* v. *Inhabitants of Nethersal*, 4 T. R. 258, "we cannot receive any other evidence of their being a will in this case, than such as would be sufficient in all other cases, where titles are derived under a will; and nothing but the probate or letters of administration with the will annexed, are legal evidence of the will in all cases of personalty," held, that nothing could be taken under the instrument until it had

[Wood v. Mathews.]

been admitted to probate.   In *Moore* v. *Lewis*, 21 Ala. 580, a bill was filed to recover a legacy under a will, averred to have been made in Cuba.   Probate of it in this State, or within the United States, was not averred.   A demurrer to the bill was sustained, and this court declared properly. GOLDTHWAITE J, said: "The rule is, that a suit cannot be maintained for a legacy until the will has been admitted to probate ; and as sentences of foreign courts do not operate, except as evidence, beyond the limits of their jurisdiction, the proof or probate of the will in Cuba conferred no authority to proceed upon it as a will in this State, although it might be evidence on which to have it admitted to probate here.   The title of the plaintiff in error to the legacy depended upon the will, and until he had established it as such, according to the laws of this State, he could assert no rights under it in this State."

The complainants in the court below were in effect suing to recover legacies.   Then as legatees, directly, or derivatively, under the will of an heir and distributee of Richard Morton, deceased, they had no claim, or right to, or interest in his estate.   The share of his deceased heir, is transmissable to them, only under testamentary papers.   When it reached them it satisfies and extinguishes only their claims as legatees.   In the absence of the wills, there would not be the slightest foundation for their suit.   The wills are indispensable muniments of their title.   Of these wills probate must be had before any court can receive them in evidence. If they were received without probate, other tribunals would be compelled to invade the province of the courts of probate—to exercise the exclusive jurisdiction conferred on them—and inquire into the character of the instrument, the capacity of the testator, the mode and sufficiency of its execution, and all the questions a probate settles and concludes.   To avoid this, the temporal courts in England, and the courts of law and equity in this country, do not take cognizance of testamentary papers, or of rights dependent on them, until after probate.   *Armstrong* v. *Lear*, 12 Wheat. 169 ; *Bond* v. *Graham*, 1 Hare (23 Eng. Ch.) 484; *Price* v. *Dewhurst*, 4 Myl. & Cr. (18 Eng. Ch.) 75 ; *Campbell* v. *Sheldon*, 13 Pick. 8 ; *Kerr* v *Moon*, 9 Wheat. 565.

It may be, and probably is true, that the wills under which the complainants claim have been duly admitted to probate, in the proper forum, of the domicil of the several testators.   It may also be true, that under the statute, (R. C. § 1949) probate of them could be taken here, as a matter of course, on the production of authenticated copies of the wills

and probates had in the domicil. This shows only that the complainants have the evidence on which to place themselves in a condition to maintain suit. But as is said, in *Armstrong* v. *Lear*, *supra*, "It is one thing to possess proof which may be sufficient to establish that a testamentary in·· strument had been executed in a foreign country, under circumstances which ought to give it legal effect here; and quite a different thing to ascertain what is the proper tribunal here, by which those proofs may be examined, for the purpose of pronouncing a judicial sentence thereon."

We are constrained to declare that the complainants, as the case is presented by the record, had not any right to maintain suit for the recovery of the share of Mary B. Smoot, deceased, in the estate of Richard Morton, deceased. The decree of the Chancellor is reversed, and a decree here rendered dismissing the bills, but without prejudice to any suit the complainants may institute after probate of the wills under which they claim.