(133 So. 2)

### GILBERT v. PARTAIN.

#### 7 Div. 14.

Supreme Court of Alabama.
March 12, 1931.

W. W. Wallace and L. H. Ellis, both of Columbiana, for appellant.

J. T. Johnson, of Oneonta, for appellee.

SAYRE, J.

Probate of the will of W. N. Gilbert, deceased, was denied in the probate court of Shelby, and the proponent appeals.

The allegation of the petition for probate is that the alleged testator, W. N. Gilbert, died October 17, 1917, a resident of Shelby county. His alleged will was proposed by appellant, Bill Gilbert, for probate November 16, 1929; that is, a copy of the alleged will of deceased was filed with the court, it being alleged that the original had been lost or destroyed.

In the probate court it was correctly held that probate of the proposed will was barred by the statute.

Section 10608, new to the Code of 1923, which became effective August 17, 1924, provides as follows: "Wills shall not be effective unless filed for probate within five years from the date of the death of the testator."

We note that the statute contains no saving clause in favor of persons under disability or where the will has been lost or destroyed; but no question arising out of such disability, loss, or destruction is presented by this record, and of course what is here said is not intended to prejudice any such question.

The right, if any, which vested upon the death of the alleged testator, without more, was the right of testator's heirs at law. The will, in the absence of the probate prescribed by statute, conferred no rights and could take effect only after it had been admitted to probate in the proper forum. Jordan v. Jordan, 65 Ala. 305, where numerous cases are cited. Eo instanti upon the enactment of section 10608, that statute began to run against the probate of the alleged will and against that will itself as an operative disposition of property. Appellant proponent had, after the enactment of the statute, the full time allowed by the statute for the probate of the alleged will, and, having failed to propound it within that time, lost all rights under it. Such is the clear meaning of section 10608, and the court has no right or power to give it a different effect.

The judgment of the probate court is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.