153 So. 266

## MARX et al. v. LOEB.
### 6 Div. 407.

Supreme Court of Alabama.
March 8, 1934.

Martin, Turner & McWhorter, of Birmingham, and Inge, Stallworth & Inge, of Mobile, for appellee.

H. H. Grooms and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellants.

GARDNER, Justice.

The averments of the bill are properly to be construed as disclosing that complainant in effect here seeks the recovery of a legacy left to her under the will of Johanna Gross, admitted to probate in Germany, the home of both complainant and the testatrix, but not so probated in the state of Alabama, the situs of the property, or any state or territory under the dominion of the United States.

The demurrer takes the point that the probate of the will in Germany is ineffectual to show a right or title to the personalty, and to that end its probate here was essential. Under the decisions of this court the point is well taken.

It is, of course, well established that courts of equity have no jurisdiction to probate or establish wills, a matter resting exclusively in the jurisdiction of the probate court (Wachter v. Davis, 215 Ala. 659, 111 So. 917; Kaplan v. Coleman, 180 Ala. 267, 60 So. 885), and that any rights thereunder cannot be asserted or recognized until the will has been admitted to probate in the proper forum. Trawick v. Davis, 85 Ala. 346, 5 So. 83; Jordan v. Jordan's Adm'r, 65 Ala. 301; Gilbert v. Partain, 222 Ala. 459, 133 So. 2. The proper forum for this purpose is the probate court, and express provision is made in our statute for probating a will which has been admitted to probate elsewhere than in the United States. Section 10620, Code 1923. The recent amendment of this statute (Gen. Acts 1931, p. 162) is much more restrictive of this right, and having been enacted long after the probate of the will in Germany, and the vesting of complainant's interest thereunder, is not to be considered as of any influence in the instant case. Hoffman v. Hoffman, 26 Ala. 535; Powell's Distributees v. Powell's Legatees, 30 Ala. 697.

But the question here presented was determined by this court as far back as Moore v. Lewis, 21 Ala. 580. There the bill was to recover a legacy bequeathed to complainant's intestate by his son who resided and died in Cuba, and we may add, at a time when that country was a part of the Spanish Dominion. The will was duly proven in Cuba, but never admitted to probate in this state or in any of the United States. The court said:

"The rule is, that a suit cannot be maintained for a legacy until the will has been admitted to probate, Kerr v. Moon, 9 Wheat. 565, 6 L. Ed. 161; Shepherd v. Nabors, 6 Ala. 631; and as sentences of foreign courts do not operate, except as evidence, beyond the limits of their jurisdiction, the proof or probate of the will in Cuba conferred no authority to proceed upon it as a will in this State, although it might be evidence upon which to have it admitted to probate here.

"The title of the plaintiff in error to the legacy depended upon the will, and until he had established it as such, according to the laws of this State, he could assert no right under it in the courts of this State."

In Wood v. Mathews, 53 Ala. 1, the case of Moore v. Lewis, supra, is cited with approval, and in the discussion of a similar question the opinion proceeds:

"In the absence of the wills, there would not be the slightest foundation for their suit. * * * Of these wills probate must be had before any court can receive them in evidence. If they were received without probate, other tribunals would be compelled to invade the province of the courts of probate— to exercise the exclusive jurisdiction conferred on them—and inquire into the character of the instrument, the capacity of the testator, the mode and sufficiency of its execution, and all the questions a probate settles and concludes. To avoid this, the temporal courts in England, and the courts of law and equity in this country, do not take cognizance of testamentary papers, or of rights dependent on them, until after probate. * * * .

"It may be, and probably is true, that the wills under which the complainants claim have been duly admitted to probate, in the proper forum, of the domicil of the several testators. It may also be true, that under the statute (R. C. § 1949), probate of them could be taken here, as a matter of course, on the production of authenticated copies of the wills and probates had in the domicil. This shows only that the complainants have the evidence on which to place themselves in a condition to maintain suit. But as is said, in Armstrong v. Lear, supra (12 Wheat. 169, 6 L. Ed. 589): 'It is one thing to possess proof which may be sufficient to establish that a testamentary instrument had been executed in a foreign country, under circumstances which ought to give it legal effect here; and quite a different thing to ascertain what is the proper tribunal here, by which those proofs may be examined, for the purpose of pronouncing a judicial sentence thereon.' "

And in Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13, Moore v. Lewis, supra, is again approvingly cited.

In Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875, there is an interesting discussion of the difference in

the probative force of a state judgment, considered in the light of the constitutional provision for full faith and credit, and a foreign judgment not so protected. But further discussion of this phase of the case would appear unnecessary as we consider the above-noted authorities from our own court decisive of this appeal, and find in opposing brief no sufficient reason why they are not here applicable, with particular reference to Moore v. Lewis, supra, which appears to be more directly in point.

There appears to be some insistence by appellee that the alleged fraudulent conduct on the part of defendant Marx is sufficient upon which to base an equitable estoppel (citing Sanford v. Hamner, 115 Ala. 406, 22 So. 117), and thus preventing defendants from asserting any rights to the property in conflict with that of complainant.

But we find no sound reason for construing the bill's averments to such effect. Preliminary to all other questions is complainant's right to the property and her alleged title rests upon a will probated only in Germany, and under the authorities herein noted the will therefore confers no authority upon her to proceed upon it as a will in this state.

Clearly, there is nothing in the allegations of this bill that would justify a failure on complainant's part to show her right or title to the legacy which in effect she here seeks to recover.

As the matter here considered and determined, adversely to complainant, is fundamental and renders the bill fatally defective, other questions argued may well be pretermitted.

Let the decree be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.