Frank D. Paulo, S.
The executrix, Leona F. Clark, has petitioned the court for a construction of the will of Josephine Lipiec, deceased. The decedent died a resident of Richmond County on November 19, 1957, and her will, dated June 18, 1953, was admitted to probate on September 22,1961.
Paragraph “ fourth ” of decedent’s will, which the executrix asks the court to construe reads as follows: “ fourth: I hereby *748 give devise and bequeath all my property, both real and personal, to Elements Drzazga, presently residing at 166 John Street, Port Richmond, County of Richmond, City and State of New York, in consideration of support already afforded me and on condition that he continue to support me until death. In the event that I should in the future change the beneficiary of my estate or sell the premises at 158 John Street, my present aforementioned address, I then irrevocably order that the said Elements Drzazga be reimbursed from the proceeds of said sale of realty or other funds remaining after payment of debts, for all reasonable and necessary expenses expended and not reimbursed in my behalf, including support and other necessary items.”
The residuary devisee and the decedent had been neighbors and friends for many years. On one occasion after decedent underwent surgery the devisee and his wife took care of decedent for about eight weeks, giving her all her meals and attending to her needs. When decedent’s husband died in February, 1953, she actually lived in the devisee’s home for several months. After she returned to her own home she continued to take all her meals with the devisee. In addition the devisee’s wife cleaned decedent’s house and performed other household chores. When decedent visited her doctor the devisee assisted her in getting there and back and paid her medical expenses as well. The devisee has maintained the house since the death of decedent’s husband and has spent more than $2,200 on it. It would appear that the devisee received no compensation or reimbursement from the decedent for any of the above.
In November, 1953, decedent was admitted to Bellevue Hospital for observation and thereafter was transferred to Central Islip Hospital. She remained there until her death. During her confinement to the hospital the devisee and his wife visited her regularly and brought her clothing and other supplies. After her death, the devisee paid the expenses of her funeral and for religious services held for her.
The testatrix apparently had a twofold intention — to acknowledge the support already given her, and to impose as a condition precedent to the gift, the requirement that the devisee continue such support until her death. While it is true that as a general rule a condition precedent must be literally performed before any estate may vest in a devisee or any bequest pass to a legatee, this rule is not without exception. Where full performance is rendered impossible through no fault of the devisee or legatee, such impossibility will not affect the gift. (Matter of Costalo, 167 Misc. 755; Matter of Feinson, 200 Misc. 858; Matter *749 of McCabe, 154 Misc. 279; Matter of Johnston, 277 App. Div. 239, 242; 2 Davids, New York Law of Wills, pp. 1427, 1428.)
The evidence before the court in this proceeding indicates that the residuary devisee under this will had done everything possible to comply with the provisions of the will. He had no control over the decedent’s commitment to Central Islip Hospital. While she was in the hospital the devisee and his wife continued to demonstrate an interest in her welfare. Under the circumstances the court is of the opinion that the condition laid down by decedent has been substantially complied with by the devisee.
Settle decree on notice.