MEGERY, APPELLEE, *v.* SELYMES, EXRX., APPELLANT.

[Cite as Megery v. Selymes, 14 Ohio App. 2d 28.]

(No. 28645—Decided April 4, 1968.)

*Mr. Steven W. Kormendy,* for appellee.

*Messrs. Calabrese, Schmelzer, Garofoli & Caterino,* for appellant.

CORRIGAN, C. J. A single assignment of error is advanced in this appeal on questions of law from the Probate Court of Cuyahoga County claiming that "the trial [Probate] court erred in finding that it was the intention of the testatrix to bequeath $5,000 to John J. Megery."

Under the terms of the last will and testament of decedent, Irene S. Endrey, John J. Megery, appellee herein, claims that he is entitled to receive from the appellant herein, Piroska Selymes, executrix of the estate of Irene S. Endrey, the sum of five thousand dollars.

The facts in the case are not in dispute. Decedent

executed a will on August 7, 1947, in which she left all the residue of her estate in trust to her sister, Piroska Selymes, to distribute to various relatives. John J. Megery, grandson of testatrix, was born June 23, 1941, and the distribution to him presents the problem herein.

The pertinent language of the will reads:

"ITEM III. All the residue of my estate, real and personal, * * * I give * * * to my sister, Piroska Selymes, in trust, however, for the following uses and purposes, to-wit: (b) My said trustee shall use the income or so much of the income as she shall deem desirable * * * to support and educate * * * My nephew, Imre Selymes, and my nieces, Ilona Selymes and Laura Fodor. Whenever said nephew or either of my said nieces reaches the age of 21 years, the payments from this trust for the support and education of such person shall cease.

"(c) When John J. Megery, the son of my adopted daughter, Ilona Megery, reaches the age of 18 years, my said trustee shall give to him the sum of $1,250.00; when he reaches the age of 19 years, my said trustee shall give to him the sum of $1,250.00; when he reaches the age of 20 years, my said trustee shall give him the sum of $1,250.00; and when he reaches the age of 21 years, my said trustee shall give to him the sum of $1,250.00. In the event that the said John J. Megery passes away before he reaches the age of 18 years, then my said trustee shall give said sum of $5,000.00 to Irene Megery, the daughter of my adopted daughter, Ilona Megery, in identical installments of $1,250.00 each on her eighteenth, nineteenth, twentieth and twenty-first birthdays. It is my desire that said monies be used by the said John J. Megery or Irene Megery, as the case may be, to help defray his or her college expenses.

"(d) When my said niece, Ilona Selymes, shall have reached the age of 21 years, this trust shall terminate, and the legal title to all the * * * property then held in trust * * * shall vest in my sister, Piroska Selymes, absolutely and in fee simple."

The Probate Court decided that John J. Megery was entitled to five thousand dollars from the estate of his

grandmother despite the fact that he was twenty-three years old when she died in 1965. That court also found that the trust attempted to be established by the testatrix was never achieved, but that her intention to bequeath five thousand dollars to her grandson was quite clear.

It is the position of appellant that the trust instrument imposed two conditions on John Megery, namely, (1) that he live during his 18th, 19th, 20th and 21st years, and (2) that testatrix die before he reached those birthdays. Testatrix's intention, argues appellant, was that John Megery should receive the bequest only prior to his twenty-second birthday and that payment after that time would be contrary to her expressed intention.

Appellee contends that the intention of testatrix was to give five thousand dollars to her grandson with the hope that he would use the money to defray his college expenses. Since the request that the money be used for college expenses was couched in precatory language and, therefore, had no legal effect, appellee reasons that the suggested limitation of the bequest to specific birthdays likewise had no effect.

Both sides agree that the education of John Megery was not mandatory but merely a desire of the testatrix, and so the central issue, then, concerns the effect of the suggested limitation to certain birthdays. The court below correctly decided that the trust, attempted to be established by the testatrix, never was accomplished. Appellant insists, however, that effect should be given to the age limitations because they reveal testatrix's intention. Appellant would view the gift as a conditional legacy. Appellee, on the other hand, would give no effect to the age limitations but would give effect to other expressions of intent which show a disposition on the part of testatrix to make an absolute gift to John Megery. The latter view rests on sound legal theory. As stated in 71 A. L. R. 1051 (1931):

"A provision in a will contemplating the attainment of a certain age by a legatee or devisee may have reference—

"* * *

"(c) To enjoyment only, in which case the provision

does not operate as a condition at all, but only suspensively.

"In inquiring into the question whether such a provision relates to the vesting in interest or merely to the enjoyment, it is well to note the presumptive import of the particular expression of contingency * * *. Of the expressions of contingency so used, the words 'when,' 'as soon as,' 'at,' 'upon,' and 'from and after,' are suspensive and not directly conditional, receiving such conditional effect as they may have from the context * * *."

If we accept appellant's premise that limitations as to age are important reflections of testatrix's intention and do impose a condition distinct from the educational condition which failed, several questions arise. First, do we have a condition precedent or a condition subsequent, and, secondly, what effect does impossibility have on such conditional legacies.

A condition precedent, of course, is a condition which must occur before an estate can vest. A condition subsequent defeats an estate already vested. There are no technical words which distinguish the two types of condition; whether the condition is one or the other is dependent upon the intent of the person creating the condition. 56 Ohio Jurisprudence 2d 237, Wills, Section 721. The most significant indicia of intent is the wording used by testatrix. The pertinent clause in the instrument before us— "When John J. Megery the son of my adopted daughter, Ilona Megery, reaches the age of 18 years * * *"—would usually indicate a condition precedent. 5 Page on Wills (Bowe-Parker Rev.) 381, Section 43.17. This conclusion is not compulsory, and if the intent of testatrix points to a construction of the condition as a condition subsequent, or as no condition at all, either of such latter effects should follow. 71 A. L. R. 1052 (1931); 5 Page on Wills, *supra*, 399, Section 44.2. Indeed, conditions precedent are not favored. 5 Page on Wills, *supra*, 432, Section 44.14; 56 Ohio Jurisprudence 2d 210, Wills, Section 682.

If the limitation as to age in the instant trust is considered as a condition subsequent, there can be no doubt that impossibility of performance at the time of testatrix's death would excuse the condition and the legacy would vest

immediately in John Megery. I Scott on Trusts 3d Ed. 644, Section 65A; Simes and Smith, The Law of Future Interests 2d Ed. 291, Section 2014; 56 Ohio Jurisprudence 2d 252, Wills, Section 741. As written in this last citation:

"The rule is well established that when a condition subsequent was impossible at the time of the execution of the will or at the testator's death, or when it becomes impossible of performance after the testator's death, the condition is void and the devisee or legatee takes the bequest or devise discharged and free of the condition."

The general rule as to conditions precedent is exactly the opposite in that impossibility does not excuse and, thereupon, the gift lapses. There is one exception to this rule applying to legacies as stated in I Scott on Trusts, *supra*, Section 65A:

"Where the condition is a condition precedent, however, the effect of its invalidity is not so clear. As we have seen, where a condition precedent is invalid for illegality, the modern tendency is to hold that whether the gift fails or is absolute depends upon the manifestation of the intention of the settlor, or, if he has not manifested any intention as to what should happen if the condition should be invalid, then upon what he probably would have intended if he had foreseen the failure of the condition. So also, it would seem that, when the condition fails for impossibility, it is a question of what the settlor intended if he had foreseen the failure of the condition."

Accord: Simes and Smith, *supra*, Impossibility of Conditions, 298, 306, Sections 2017, 2019; 4 Restatement of the Law, Property, 2548, Section 438 (1944). The Ohio version of the rule includes a test for ascertaining intent:

"* * * If personal property is bequeathed upon a condition which, before the time of performance, becomes impossible to perform, the property vests in the legatee upon the death of the testator unless it appears that the performance of the condition was the controlling motive for making the bequest." 56 Ohio Jurisprudence 2d 252, Wills, Section 741.

A final question on this issue, then, is whether the disbursement of the five thousand dollars at the ages specified

was the "controlling motive for making the bequest." If it was not the controlling motive, it is apparent that the sum of five thousand dollars vested in John Megery as of the date of his grandmother's death. 56 Ohio Jurisprudence 2d 252, Wills, Section 741. The few courts which have considered a similar factual situation tend to favor vesting of the estate in the legatee. For example, in *Martin* v. *McCune* (1925), 318 Ill. 585, 149 N. E. 489, where a will established a trust estate until the testator's daughter became eighteen, after which distribution of the proceeds was to be made to his children, it was held that the beneficiaries' interests vested immediately upon the testator's death, which occurred sixteen months after his daughter's eighteenth birthday. The court said that estates will be deemed to vest upon the death of the testator unless clearly stated otherwise, and that any intervening contingencies which did exist were satisfied at the time of the testator's death.

A Canadian case, *Re Lee* (Ontario, 1955), 4 D. L. R. 344, affirmed in 1 D. L. R. 2d 48, cited in I Scott on Trusts, *supra*, Section 11, at page 102, held similarly. In that case the settlor gave five thousand dollars to his executors and trustees "to be expended by them for the education of my nephew, * * * and if any surplus remains after his graduation from the University, I direct my executors to pay same over to him immediately thereafter." At the time the will was executed, the nephew was eight years old, but at the time of the testator's death he was in his late thirties and had never attended the university. Against an argument that a university education was a condition precedent, the court held that the nephew took an absolute gift of the money upon failure of the trust. It looked to the language of the entire will in arriving at this conclusion, and placed particular emphasis on the fact that there was no provision for a gift over to another person in case of failure of the trust.

Failure to provide for a gift over to another has been regarded as strong evidence of an intent to make an absolute gift rather than a conditional gift or trust. *Brock* v. *Hall* (1949), 33 Cal. 2d 885, 206 P. 2d 360, 11 A. L. R. 2d

672. In the case at bar it is significant that there is no general provision for a gift over to another in the event of failure of the trust. The only default provided for is the death of John Megery prior to the age of eighteen.

Therefore, whether the legacy is looked upon as an absolute gift with precatory language added or whether it is regarded as a legacy given under a condition precedent which becomes impossible, the result is the same. In the former situation, the failure of the college education requirement also results in failure of the age limitation. In the latter situation, the impossibility of the condition precedent would result in immediate vesting of the legacy in John Megery unless, as we have seen, receipt of the money at the specified ages was the "controlling motive" of the testatrix in making the gift. From an examination of the complete will, we conclude that performance of this last condition was not Irene Endrey's controlling motive in making the gift to John. The logical connection between the specific age limitations used by the testatrix and the fact that a college education usually occurs between one's eighteenth and twenty-second birthday tends to this conclusion. There is an apparent relationship between the clause requiring a college education and the clause which limits the legacy to specific ages. Finally, the testatrix's failure to provide for a gift over to other beneficiaries in case of failure of the trust, except in the event of John's untimely death, as well as her use of different wording in the gifts to John and to his cousins, emphatically demonstrates an intent to vest the legacy in John Megery.

For the reasons given, the judgment of the court below should be affirmed.

*Judgment affirmed.*

SILBERT and CANARY, JJ., concur.