BRADLEY, Judge.
In May of 1977 Richard Allen Flowers filed a petition in the Circuit Court of Baldwin County seeking a judicial determination of the effect of an option to purchase contained in the Last Will and Testament of his late mother, Alma Flowers. The option is as follows:
“ITEM III: In the event my husband, Ira Flowers, shall predecease me, or in the event we shall both die in a common accident or at the same time, then in either of such events I give, devise and bequeath to my son, RICHARD ALLEN FLOWERS, an exclusive option to purchase all real property owned by me for a period of one year from the date of my death for the sum of Six Thousand Dollars ($6,000.00), which shall be paid in full at the time the said option is exercised. In the event the said option is exercised by my said son and the said purchase price paid for the said property, it shall be divided and paid to my children, ELVIN A. FLOWERS, MARSHALL FLOWERS, VERA BONNER, VERDAN DIAMOND, JOYCE WALDEN and GRACE SMALLWOOD — that is to say, the sum of One Thousand Dollars ($1,000.00) shall be paid to each of them.
“In the event my son, Richard Allen Flowers, does not exercise the option to purchase the real property owned by me at the time of my death as provided in the preceding paragraph of this item of this will, then in that event I give, devise and bequeath all real property owned by me to my children, RICHARD ALLEN FLOWERS, ELVIN A. FLOWERS, MARSHALL FLOWERS, VERA BONNER, VERDAN DIAMOND, JOYCE WALDEN and GRACE SMALLWOOD, share and share alike.” (Emphasis supplied.)
In his petition to the circuit court, Flowers contended that he was prevented from exercising the option within the specified time due to a contest of his mother’s will by several of his sisters; he also argued that the option could not be exercised until after the will was admitted to probate.
Three of Flowers’ sisters, including appellant here, answered with a general denial. After a hearing on the parties’ contentions, the trial court rendered a declaratory judgment permitting Flowers to exercise the option upon payment of the $6,000 purchase price into court. He was further authorized to issue himself a deed to the lands in question. One of his sisters, Joyce Cham-berlin, appeals from that judgment.
The facts reveal that Alma Flowers died on February 15, 1976 and that in her will she named the appellee, her son, as executor. The will also contained the option which is in controversy. On May 16, 1976 appellee petitioned the Probate Court of Baldwin County to admit the will to probate.
On June 18, 1976 appellant and two sisters filed a contest to the will and the proceedings were removed to the circuit court where a jury trial was requested. Upon transfer to the circuit court it was discovered that one of the heirs had been declared incompetent and consequently the matter was transferred back to the probate court. After this problem was resolved, the case was once again transferred to the circuit court.
Trial was had before the court and a jury, and a verdict and judgment was rendered for the proponent of the will. On February 14, 1977 the records of the proceedings contesting the will were returned to the probate court, and on April 22, 1977 the will was admitted to probate. Shortly thereafter, appellee initiated an action to exercise his option to purchase.
On appeal, appellant contends that the option imposed a condition precedent on appellee to purchase the property within one year of the death of his mother. And in view of the fact that appellee did not purchase the property within one year of his mother’s death, appellant urges that we hold that appellee has lost his option. Conversely, appellee argues that no option had been conferred on him which he could exercise until the will was admitted to probate, and that the probating of the will was delayed by the contest of the appellant and her sisters.
*465 A “condition precedent” is a condition which must occur before an estate or interest can vest. Megery v. Selymes, 14 Ohio App.2d 28, 235 N.E.2d 725 (1968). On the other hand, a “condition subsequent” refers to an event which is designed to occur after the estate or interest has already vested. 96 C.J.S. Wills § 995. Moreover, estates are deemed to be vested in this jurisdiction unless the devise is subject to a condition precedent which is so clearly expressed that the courts cannot treat it as vested without deciding in direct opposition to the terms of the will in question. Brizendine v. American Trust & Savings Bank, 211 Ala. 694, 101 So. 618 (1924).
The decision in Stern v. Stern, 410 Ill. 377, 102 N.E.2d 104 (1951), specifically declined to hold that a clause in a will which provided an option to purchase within a prescribed time after the death of the testator was a condition subsequent. And in In re Estate of Alpers, 251 Cal.App.2d 40, 58 Cal.Rptr. 841 (1967), the court concluded that where the time for performance of a condition in a will is limited to one year, it is a condition precedent.
The specific clause at issue in this case concerns the option to purchase real property which the testatrix granted to her son, Richard Flowers. This option was subject to the condition that Flowers (appellee) purchase the testatrix’s property within one year from the date of her death. We believe that the option clearly constituted a condition precedent.
Generally, a condition precedent must be literally performed before any estate may vest in a devisee or any bequest pass to a legatee. Austin v. Pepperman, 278 Ala. 551, 179 So.2d 299 (1965). However, a number of jurisdictions have modified the general rule by determining that when the performance of a condition precedent to a testamentary gift is prevented or rendered impossible through no fault of the devisee or legatee, the prevention or impossibility of the occurrence of the condition will not affect the gift. Boggess v. Crail, 224 Ky. 97, 5 S.W.2d 906 (1928); In re Lipiec’s Will, 37 Misc.2d 747, 236 N.Y.S.2d 199 (1962). And in determining whether the performance of the condition can be properly excused, it is relevant to inquire as to whether the testator’s primary concern was the betterment of the devisee (or legatee) or the performance of the condition. In re Bridge’s Estate, 41 Wash.2d 916, 253 P.2d 394 (1953).
' In In re Estate of Beaver, 206 N.W.2d 692 (Iowa 1973), the Iowa Supreme Court examined a clause in a will under which the testator granted his son an option to purchase certain real estate provided the son exercised this option within thirty days after the testator’s granddaughter reached the age of thirty years or died. The performance of this provision was subsequently rendered impossible because the granddaughter was forty-one years old when the will took effect. Nonetheless, the court concluded that the overriding intent of the testator was that the son’s option to purchase the land should come into being at the death of the testator rather than on the thirtieth birthday or death of the granddaughter as provided in the will. The court’s rationale in making its determination was that the testator’s primary concern was the betterment of the devisees (/. e. that the son exercise his option to purchase and that the proceeds from this sale be placed in a trust for the granddaughter), rather than the strict compliance with the condition set out in the will.
We believe the holding in In re Estate of Beaver to be applicable in the present case. Appellee, in his capacity as executor, attempted to submit his mother’s will for probate. This attempt was thwarted by the fact that appellant and her sisters chose to contest the will. And during the period in which the will was contested, we are at a loss as to how appellee could have exercised his option to purchase. The will contest prevented the probate of the will. In the absence of the probating of the will, there was no one to accept the purchase money nor anyone to deed the property to appellee. Moreover, this court is persuaded that ap-pellee’s right or option to purchase his mother’s property could not have been exer *466 cised until the will of his mother was admitted to probate since a will is ineffective until it is probated. Indeed, in Gilbert v. Partain, 222 Ala. 459, 133 So. 2 (1931), the supreme court said:
“The right, if any, which vested upon the death of the alleged testator, without more, was the right of testator’s heirs at law. The will, in the absence of the probate prescribed by statute, conferred no rights and could take effect only after it had been admitted to probate in the proper forum.”
See also Caverno v. Webb, 239 Ala. 671, 196 So. 723 (1940); and Jordan v. Jordan’s Admr., 65 Ala. 301 (1880).
As the language in Gilbert v. Partain indicates, the named executor has no authority to carry out the mandates of a will until it is admitted to probate. In the instant case, testatrix’s will could not be admitted to probate because the terms of the will were being contested. Thus, the litigation over the will initiated by appellant and her sisters frustrated the option provision in the will and thereby prevented appellee’s performance of the condition precedent found in the clause in question.
Consequently, it is our view that the ap-pellee’s delay in exercising his option was excused by the fact that his ability to act upon the option was subjected to constant litigation so that, practically speaking, there was never a time within one year from the date of testatrix’s death that he (appellee) could have safely proceeded to exercise his option and purchase the property-
For us to hold otherwise would, in our opinion, require such strict compliance with the condition precedent that the testatrix’s intent to allow her son to have the opportunity to purchase her real estate would be defeated. Accordingly, we are convinced that the trial court acted properly in permitting appellee to exercise the option by paying the $6,000 into court and by directing that he issue a deed to himself.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J, concur.