"In the name of God, Amen. I, Thomas Davis, of the upper parish of the county of Isle of Wight, being of sound sense and memory, and calling to mind the certainty of death, and the uncertainty when, do make this my last will and testament, etc. I give and bequeath to my sons, Thomas Davis and William Davis, all my tract of land I bought of the widow Blake, to be equally divided among them; my son Thomas to enjoy that part whereon he now lives, and my son William (356) that part where my son lived. I say I give the lands unto my aforesaid sons and their heirs forever, and my will is, that if either of my aforesaid sons shall think fit to dispose of his part, that the other shall have the refusal, if he desires it, paying a reasonable rate. *Page 299 Item. I give and bequeath to my daughter Frances Williamson, the use of my negro Sarah, for and during her natural life, and after her decease I give the said negro Sarah, and her increase, amongst the children lawfully begotten of her body, to be equally divided among them. Which said negro girl, Sarah, so bequeathed, shall be in full of any further demand of any part or parcel of my estate; and I declare that my son George Williamson, and my daughter, shall have no more right to claim anything else. Item. I give unto my loving wife, Elizabeth Davis, the plantation I now live on, for and during her natural life, and after her decease I give the said land to Benjamin Davis and to his heirs forever. Item. I give to my grandson, Thomas Davis, a negro boy called Robin, and the heirs of his body lawfully begotten; and for want of such heirs after his decease, I give the said negro to my son Benjamin, and to his heirs forever. Item. I give to my son Thomas Davis and his heirs, my negro boy, Harry. Item. I give to my son William Davis and his heirs, my negro boy called Sam. I give and bequeath to my loving wife the use of my negro woman, Cate, during her life, and after her decease I give the said negro woman and her increase unto my son Benjamin Davis, and the heirs of his body, and for the want of such heirs then to Thomas, William, Edward, and Benjamin Davis, to be equally divided amongst them. Item. I give to my wife during her widowhood my negro boy, Dick, and afterwards I give the said negro boy, Dick, unto my son Edward, and his heirs. Item. I give unto my loving wife, Elizabeth, my plantation bought by me of William Exum during the term of her widowhood, and no longer.Item. I give my lands aforesaid, bought of William Exum, unto my son Edward Davis, and his heirs forever. Item. I give and bequeath the use of all the rest and residue of my estate unto my loving wife during the term of her widowhood; when she shall marry (357) again, I give the same to be equally divided amongst my sons Thomas, William, Edward, and Benjamin, share alike with her, and do appoint my loving wife, Elizabeth Davis, sole executrix of this my last will, hereby revoking any and all other wills, whether by word or deed, heretofore made or done.
 "Witness my hand, this 6th of March, 1721. "(Signed) THOMAS DAVIS. [Seal.]"
Which was duly admitted to probate in the court for said county of Isle of Wight on the 23d of April, 1722. And the jury do further find that the said Frances Williamson, in the said will named, had six children lawfully begotten, and among others her son, William Williamson, who moved into this State, then province, and died in the year 1768, in *Page 300 
the month of April, leaving nine children, and amongst others George Williamson, his eldest son and heir-at-law. And the jury further find that the said Frances Williamson departed this life sometime in the month of January or February, 1769. And the jury further find that on the 23d of March, 1769, the following proceedings were had in the county court of Amelia, in the dominion of Virginia, as appears by the copy of the record in these words:
At a court held for Amelia County, March 23, 1769,
Jacob Williamson, George Williamson, John Moreley, } and Elizabeth his wife, Henry Turpin and } Annie his wife, } }
v. } In Chancery. }
George Williamson, an infant under the age of 21 } years, by George Williamson, his guardian, and } Nathaniel Williamson, an infant, by Nathaniel } Williamson, his guardian. }
This cause was this day heard upon the bill of the complainants and the answer of the defendants. In consideration whereof, it is decreed and ordered that William Archer, John Scott, William Giles, and (358) Edward Ross, or any three of them, do divide the slaves in the bill mentioned, viz.: Sharper, Dick, Peter, Doll, Caesar, Edith, Patt, Sall, Cate, Jane, Sall, Phaebe, Lucy, Dill, Phil, Lewis, Aggy, Hannah, Sall, Bob, Sukey, and Roger, agreeable to the last will of Thomas Davis, deceased; and that they allot and assign unto the plaintiffs each a sixth part thereof, having regard to the value of the slaves in said division; and that they make report to the court in order to a final decree.
AMELIA COUNTY, March 31, 1769.
Pursuant to the above decree, we have divided the negroes, and allotted them to the persons therein mentioned, in the following manner, viz.: John Moreley's lot, Dick, Cate, Lewis, and Lucy; Jacob Williamson's lot, Sharper, Caesar, Edy, and Dill; George Williamson, son of William Williamson, Sall, Sall, Hannah, and Phae; Henry Turpin's lot, Peter, Doll, Sall, and Patt; Nathan Williamson's lot, Aggy, Sukey, and Bob; George Williamson's lot, Jane, Roger, and Phil.
And the jury further find that the said Sall, Sall, Phoebe and Hannah, in the said division named, were a part of the increase of the said negro woman, Sall, in the aforesaid will of the said Thomas Davis, mentioned, and a sixth part of the negroes descended from said negro Sall. *Page 301 
And the jury do further find that Sarah, in the said will, bequeathed, was at the time of the death of the said Thomas Davis, in the dominion of Virginia; and the said other negroes, Sall, Sall, Hannah, and Phoebe, from the time of their birth until the day of the division above mentioned, had also continued in the dominion, now State of Virginia.
And the jury do further find that the said William Williamson above named, died in this province, in the county of Bute, in the month of April, in the year 1768, and this his widow, one of the plaintiffs, since married to Peter Cox, the other of the said plaintiffs, took out letters of administration on the estate of the said William Williamson the 9th day of February, 1769.
And the jury do further find that the said George Williamson, (359) by his guardian, George Williamson, the elder, did receive and take into his possession the said negroes in the said record of the court of Amelia, above stated; and some time afterwards, upon coming to age, he brought said negroes into this State; and that the said negroes afterwards had the following increase, viz.: John, Cate, Lewis, Fanny, Arthur, Nancy, Rachel, and Milley.
And the jury do further find that the said George departed this life in the month of August, in the year 1780, leaving his widow and a child named Nathan. And the jurors do further find that their possession was a joint possession.
And the jurors do further find that the wife of the said Kilbee obtained letters of administration on the estate of her husband, George Williamson, the younger, soon after his death, and the said Peter Smart is the guardian of the child of said George Williamson, deceased.
And the jurors do further find that the said Peter Cox demanded the said negroes of the said Smart and Kilbee, in right of his wife as administratrix, in the year 1786. With respect to the law, the jurors are ignorant, and pray the opinion of the Court thereon; if it be for the plaintiff, they assess his damage to £ 800 if for the defendants, they find them not guilty.
In this case both the plaintiffs and defendants claim the negroes for which this action is brought, under William Williamson, one of the legatees of Thomas Davis. The special verdict states that William Williamson removed himself to and became a citizen of this State, where he lived to the time of his death. It is admitted that at the time of his death, by the laws of Virginia, negro property was made to descend like land to the heirs-at-law, he making on that account some pecuniary satisfaction to the next of kin; and that at that time, by the laws of this State, property of that description was made distributable *Page 302 
equally among all the children of an intestate. The question is (360) whether the negroes for which this suit is brought shall be disposed of agreeably to the laws of Virginia (they having been in Virginia at the time of the death of William Williamson, their owner), or by the laws of this State where William Williamson was a resident at the time of his death. I take the rule of law in each case to be this: that the personal estate of the intestate is distributable according to the laws of the country where the intestate was a resident, or, in other words, where he was a citizen or subject at the time of his death. Ambler 25, 415; 2 Vesey, 35. Although by the laws of Virginia, negroes are made to descend like land to the heirs-at-law, in many other respects they are considered to be personal estate; and indeed our law would view them as personal estate, when any case like the present would occur, notwithstanding the laws of Virginia would ever view them in all respects as real property. I cannot think the decree made by the court of Amelia strengthens the defendant's title, because the plaintiffs were not parties to it; had they been parties to it, and the grounds on which the present pretensions rest, been made known to that court, I presume their decree would have been different. I think that all the children of William Williamson are equally entitled to the property in dispute among whom the plaintiff will be compellable to make distribution, after debts are paid, etc., and that judgment should be entered for the plaintiffs.