IN RE WILL OF MARGARET CHATMAN.

(Filed 26 November, 1947.)

**Wills § 17½: Courts § 14—**

A caveat to the recordation of the exemplification of a will and the proceedings had in connection with its probate in another state, G. S., 31-27, alleging fraud in the procurement of the will and of its probate, is not subject to dismissal on the ground of want of jurisdiction of our court so far as it affects realty situate here, and when the caveat also challenges jurisdiction of the court of probate on the ground that testatrix was a resident of this State, there is no want of jurisdiction of the caveat proceedings in regard to personalty situate within this State.

APPEAL by movent, Agnes Cobb, from *Williams, J.,* at May Term, 1947, of NEW HANOVER.

Caveat with successive amendments to recordation of certified copy of will of Margaret Chatman and foreign certificate of probate, heard on motion to dismiss the caveat and amendments for want of jurisdiction.

The facts are these:

1. Margaret Chatman died in New Hanover County, this State, on 17 March, 1943, leaving her surviving a brother and a sister, residents of New Hanover County, and a brother and two sisters, residents of Sumter County, South Carolina.

2. About a week after her death, George W. Allen, Jr., was appointed administrator of her estate by the Clerk of the Superior Court of New Hanover County on the representation that she was a resident of the County and died without leaving a will, none having been discovered up to that time. She owned both real estate and personal property, situate in New Hanover County, at the time of her death.

3. Thereafter, on 8 May, 1943, a paper writing purporting to be the last will and testament of the deceased was found and delivered to Agnes Cobb, the executrix and beneficiary named therein. This instrument was dated 24 November, 1933, and in it the testatrix declares herself to be a resident of Sumter, S. C., "temporarily staying in Wilmington, N. C." She describes her beneficiary as "my beloved cousin and companion."

4. On 10 May, 1943, the above paper writing was probated in common form in the Probate Court of Sumter County, S. C., as the last will and

testament of Margaret Chatman, deceased; and on 27 May, 1943, an authenticated copy thereof, together with duly signed certificate of probate, was presented to the Clerk of the Superior Court of New Hanover County and ordered by him to be recorded as provided by G. S., 31-27.

5. Thereupon, George W. Allen, Jr., previously appointed administrator, was discharged; and ancillary letters testamentary were issued to Agnes Cobb under the above recordation.

6. Then, on 19 September, 1944, Lillie Newman, sister of the deceased, resident in New Hanover County, filed a caveat to the recordation of the certified copy of the will of Margaret Chatman and foreign certificate of probate, alleging fraud on the part of Agnes Cobb in procuring execution of the paper writing and order admitting it to probate in Sumter County, South Carolina. Two amended caveats were later filed, one signed by Leona Scott, sister of the deceased, and the other by Willie Newman, relation or interest not shown. In these it is alleged that Margaret Chatman was a resident of, and domiciled in, New Hanover County at the time of her death; that the South Carolina court was without jurisdiction to probate her will, and that a fraud was practiced on said court when it received the paper writing and admitted it to probate. The caveats were answered and charges of fraud denied by Agnes Cobb, first reserving the right, however, to interpose motion to dismiss the entire proceeding for want of jurisdiction.

The motion to dismiss was heard at the May Civil Term, New Hanover Superior Court, and overruled. From this ruling the propounder, Agnes Cobb, appeals, assigning errors.

*Poisson, Campbell & Marshall and G. C. McIntire for propounder, appellant.*

*John D. Bellamy & Sons and Rodgers & Rodgers for caveators, appellees.*

STACY, C. J. The record indicates: (1) apparent due probate of will of Margaret Chatman in Sumter County, South Carolina, (2) certified and authenticated copy or exemplification of such will and of the proceedings had in connection with the probate thereof, produced or exhibited before the Clerk of the Superior Court of New Hanover County, and (3) by him, allowed, filed and recorded in the same manner as if the original will had been produced and probated here in common form. G. S., 31-27; *Coble v. Coble,* 227 N. C., 547, 42 S. E. (2d), 898.

Then appears a caveat to the recordation of the exemplification of the will and the proceedings had in connection with its probate, the caveators alleging fraud in the procurement, both of the will and of its probate,

and specifically averring want of jurisdiction in the South Carolina court to entertain the application for the probate of the will.

It is clear from what was said in *McEwan v. Brown,* 176 N. C., 249, 97 S. E., 20, that the motion to dismiss the caveat was properly overruled in so far as it affects the real estate situate in New Hanover County. We are inclined to sustain the denial of the motion to dismiss as it affects the personal property in New Hanover County also, in view of the challenge to the jurisdiction of the South Carolina court to probate the will. 11 Am. Jur., 484; Anno. 13 A. L. R., 498.

The whole subject is discussed, with full citation of authorities, in *McEwan v. Brown, supra;* and little can be added to what was then written. There the demurrer to the complaint, treated in the nature of a caveat, was sustained as to the personalty and overruled as to the realty, but no challenge to the jurisdiction of the domiciliary probate court was made in that case. 13 A. L. R., 502.

The motion to dismiss the proceeding for want of jurisdiction was properly denied.

Affirmed.