IN THE MATTER OF: THE WILL OF MINNIE MORGAN MARKS, DECEASED.

(Filed 1 May 1963.)

**1. Wills § 8; Courts § 20—**

Where the will of a nonresident is probated in the state of her residence in accordance with its laws, an exemplified copy of the will and probate proceedings may be brought to this State and probated here

in the county in which property of the estate is located, G.S. 28-1(3), in which event it is effective to pass title to the personalty in this State, but does not pass title to realty in this State unless the probate in the state of the deceased's domicile meets the solemnity required of probate in this State. G.S. 31-27.

**2. Same—**

Where two separate wills of the same deceased have been probated respectively in two states, the courts of each state have jurisdiction to determine the question of where the deceased was domiciled at the time of her death, and neither is bound by the adjudication of the other of the question of domicile, which is determinative of the jurisdiction of the court to probate the will. G.S. 28-1(1) ; G.S. 31-12.

**3. Same; Wills § 7—**

A written will may be revoked by a subsequently written will executed in the manner provided by statute, but in order to establish the revocation of a probated will by a subsequent writing it is necessary to prove the revocation in the manner required to establish the validity of the paper originally offered for probate. G.S. 31-5.1(1).

**4. Wills § 12—**

In this State the proper procedure to challenge the validity of the probate of an instrument in common form is by caveat.

**5. Same—**

After the will of a decedent has been probated in this State it is error to allow the probate of an exemplified copy of the probate in another state of another instrument written by the same decedent, the proper procedure being to attack the probate in this State by caveat, in which caveat proceeding the executors named in the instrument executed in the other state may offer to probate that instrument in solemn form, or controvert the fact of the deceased's domicile.

**6. Same; Clerks of Court § 11—**

An assistant clerk of the Superior Court has plenary authority to probate an instrument in common form. G.S. 2-10.

APPEAL by movants from *Riddle, S.J.,* October 22, 1962 Special Civil Term of MECKLENBURG.

Charles J. Henderson, named as executor, offered for probate in the Superior Court of Mecklenburg County a paper writing dated 19 January 1961 purporting to be the last will and testament of Mrs. Minnie Morgan Marks. On 29 March 1961 this writing was adjudged to be Mrs. Marks' will and admitted to probate as such in the Superior Court of Mecklenburg County.

Mary Schulhofer and Arthur Schulhofer, hereafter designated as movants, filed in the Superior Court of Mecklenburg County on 31 March 1961 a verified petition in which they alleged: (1) Mrs. Marks

died 21 March 1961 "while residing and being domiciled" in South Carolina; (2) she owned at her death real and personal properties in Mecklenburg County worth approximately $60,000; (3) she died testate; her will dated 14 February 1961 was duly proved and admitted to probate in Aiken County, S. C., on 27 March 1961. Attached to the petition was an exemplified copy of the proceedings in South Carolina where the paper writing dated 14 February 1961 was probated in common form. The petition for probate filed in South Caroline alleged: "That Minnie Morgan Marks age 82 years, who last dwelt in Aiken in the County and State aforesaid, died testate. . ." Movants are beneficiaries and executors of the writing probated in South Carolina.

On 5 April 1961 the clerk of Mecklenburg County Superior Court ordered the exemplified copy of the South Carolina proceeding recorded and admitted the writing dated 14 February 1961 to probate as Mrs. Marks' will. Movants were, on 23 May 1961, appointed administrators c.t.a. of Mrs. Marks' estate.

On 21 March 1962 movants filed with the clerk a written motion alleging the death of Mrs. Marks in South Carolina, the probate there on 27 March 1961 of the writing dated in February, the filing of the transcript of the South Carolina proceedings in North Carolina, and the probate in North Carolina on 29 March 1961 of the writing dated in January 1961. They prayed that the order of probate entered 29 March 1961 be set aside. The clerk gave notice of this motion to the executor and beneficiaries named in the writing of January 1961. The executor answered. He alleged: Mrs. Marks was a resident of Mecklenburg County. She died while visiting in Aiken, S.C. He asserted the validity of the order dated 29 March 1961 probating the January writing.

The clerk, after hearing the parties, concluded the probate of 29 March 1961 "was in all ways correct and proper; and that the recordation of the South Carolina probate and the appointment of Administrators c.t.a. by this court on or about April 5, 1961, were improvidently entered by this court." He ordered the transcript of the South Carolina proceeding stricken from the records.

Movants appealed to the Superior Court. It affirmed the order of the clerk. Movants excepted to the judgment affirming the order of the clerk and appealed.

*Blakeney, Alexander & Machen by Ernest W. Machen, Jr., for movant appellants.*

*Clayton & London by O. W. Clayton and David H. Henderson for respondent appellees.*

RODMAN, J.   The right to make testamentary disposition of property is conferred by statute. *In re Will of Roberts,* 251 N.C. 708, 112 S.E. 2d 505; *Paul v. Davenport,* 217 N.C. 154, 7 S.E. 2d 352.

A writing declared by its author to be his will is ineffectual to pass title to property prior to probate in conformity with the laws of the state where the property is located. *Morris v. Morris,* 245 N.C. 30, 95 S.E. 2d 110; *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; *Paul v. Davenport, supra; Cartwright v. Jones,* 215 N.C. 108, 1 S.E. 2d 359; *In re Thomas,* 111 N.C. 411.

The word "probate" when used in reference to a document purporting to be a will means "the judicial process by which a court of competent jurisdiction in a duly constituted proceeding tests the validity of the instrument before the court, and ascertains whether or not it is the last will of the deceased." *Brissie v. Craig, supa; Stevens' Executors v. Smart's Executors,* 4 N.C. 83; *U. S. v. Hiawassee Lumber Co.,* 238 U.S. 553, 59 L. ed. 1453.

Each of the instruments claimed by the parties to be Mrs. Marks' will names an executor. Each purports to be witnessed, the writing dated in January by two witnesses, the other dated in February by three witnesses. It is the duty of a person named as executor to apply to the court having jurisdiction to have the writing probated. G.S. 31-12.

To pass title to property in North Carolina an attested will must be witnessed by at least two competent witnesses. G.S. 31-3.3. Such a will may be probated on the testimony of two of the attesting witnesses, but if the testimony of only one attesting witness is available, then upon the testimony of such witness with proof of the handwriting of at least one of the attesting witnesses who is dead or whose testimony is otherwise unavailable, and proof of the handwriting of the testator, unless he signed by his mark, and proof of such other circumstances as will satisfy the clerk of the Superior Court as to the genuineness and due execution of the will. G.S. 31-18.1(2). The testimony of a witness is unavailable "when the witness is dead, out of the State, not be found within the State, insane or otherwise incompetent, physically unable to testify or refuses to testify." G.S. 31-18.1(3)(c). A written will may be revoked by a subsequent written will executed in the manner provided for the execution of written wills. G.S. 31-5.1(1).

It is the duty of the clerk taking probate of a will to embody the substance of the testimony of witnesses in his certificate of probate to be recorded with the will. G.S. 31-17. Compliance with this statute is essential to a valid probate. *R.R. v. Mining Co.*, 113 N.C. 241; *In re Thomas, supra.*

The Legislature has provided different rules for the probate of wills dependent upon the testator's domicile and the situs of property disposed of. The will of a resident of this state should be probated in the county of his domicile. G.S. 28-1(1). When a resident of this state dies outside the state and his will is probated in another state, a duly certified copy of the will so probated may be offered for original probate in this state, and its validity as a testamentary disposition of property established in the same manner as if the original had been offered for probate here. G.S. 31-22. When the will of a nonresident dying outside the state disposes of property in the state, the will may be offered for original probate before the clerk of the county in which the property is situated. G.S. 28-1(3). Instead of offering such will for original probate in this state, the interested parties may have it probated in the state in which the testator was domiciled. When probated according to the laws of that state, an exemplified copy of the will and the probate proceedings may be brought to this state and probated here. Such a will, unless probated in accordance with the laws of this state, is not sufficient to dispose of real property in this state. G.S. 31-27. It has no efficacy for any purpose in this state until probated here, but when probated here on the exemplified copy, it suffices to pass title to personalty and the right to enforce claims which testator could assert against citizens or properties in this state, even though not executed or proven as required by the laws of this state. *McEwan v. Brown*, 176 N.C. 249, 97 S.E. 20. This is true because personalty as a general rule has its situs at the domicile of the owner, and a will valid in the state of his domicile transfers the title thereto irrespective of the physical location of the personal assets. *Warlick v. Reynolds*, 151 N.C. 606, 66 S.E. 657; *Jones v. Layne*, 144 N.C. 600; *Hornthal v. Burwell*, 109 N.C. 10; *Grant v. Reese*, 94 N.C. 720; *Moye v. May*, 43 N.C. 131; *Williamson's Adm'r. v. Smart*, 1 N.C. 355; 6 Bowe-Parker: Page on Wills, sec. 60.11; 11 Am. Jur. 476.

The probate court in South Carolina did not expressly find that Mrs. Marks was a resident of that state at the time of her death. We may presume that court acted upon the assumption that she was a resident of that state, thereby authorizing the probate court of South Carolina to take jurisdiction. *Henson v. Wolfe*, 130 S.C. 273, 125 S.E. 293.

Domicile is, however, a question of fact. Different courts may reach different conclusions with respect to this factual question. An express adjudication by the probate court of South Carolina in a proceeding to probate in common form a paper as Mrs. Marks' will that she was a resident of that state would not be binding on the courts of this state. If that question be raised on an offer to probate in North Carolina, our court, on evidence presented to it, might reach a different factual conclusion without invading constitutional rights. *Riley v. New York Trust Co.*, 315 U.S. 343, 86 L. ed. 885; *Burbank v. Ernst*, 232 U.S. 162, 58 L. ed. 551; *Tilt v. Kelsey*, 207 U.S. 43, 52 L. ed. 95. Nor would comity compel us to accept a finding so made.

Only one witness testified in the probate proceeding in South Carolina. No explanation is made for not taking the testimony of the other witnesses. The proof made in South Carolina would not suffice to permit the will to original probate in North Carolina. G.S. 31-18.1.

When a writing purporting to be a will has been duly probated and thereby determined to be the last will of the deceased, such as the January paper writing, it is effective as of the moment of testator's death. G.S. 31-41. The date appearing on the instrument then becomes immaterial. Manifestly, testator cannot dispose of his property later than the moment immediately preceding his death.

Courts, when called upon to determine whether it is necessary to caveat a writing theretofore admitted to probate in order to establish a later writing as a will, have reached different conclusions. See *Re Bronson*, 107 A.L.R. 238, and *Re Elliott*, 157 A.L.R. 1335, decided by the Supreme Court of Washington, and the annotations to those cases.

This court has consistently adhered to the rule that the proper way to challenge the validity of a probate in common form is by caveat. *In re Will of Puett*, 229 N.C. 8, 47 S.E. 2d 488; *Walters v. Children's Home*, 251 N.C. 369, 111 S.E. 2d 707; *Holt v. Holt* 232 N.C. 497, 61 S.E. 2d 448.

The probate in South Carolina of the February writing did not pass title to property in North Carolina, nor did it give anyone authority to act in this state until probated here. Because it could not be probated here until the judgment establishing the writing dated in January as Mrs. Marks' will had been set aside, it follows that it was necessary for the South Carolina executors to caveat the previously probated will. *In re Will of Puett, supra; Conzet v. Hibben*, 112 N.E. 305, Ann. Cas. 1918A 1197. They could, as a part of the caveat proceeding, offer to probate in solemn form the writing dated in February 1961. *In re Will of Hine*, 228 N.C. 405, 45 S.E. 2d 526. In such a pro-

ceeding interested parties would have the right to challenge the assertion of the South Carolina executors that Mrs. Marks was domiciled in South Carolina at her death.

The February writing in specific language revokes "all previous wills or instruments of a testamentary nature heretofore by me made." To establish the revocation of a will by a subsequent writing it is necessary to prove the revocation in the manner required to establish the validity of the paper writing originally offered for probate. G.S. 31-5.1(1). Notwithstanding the probate in South Carolina, it would be competent, on the caveat, for interested parties to show the writing of February 1961 was not in fact Mrs. Marks' will. *In re Will of Chatman*, 228 N.C. 246, 45 S.E. 2d 356; *Rice v. Jones*, 8 Call's Rep. 89 (Va.); *Kerr v. The Devisees of Moon*, 9 Wheat. 565, 6 L. ed. 161; *Allaire v. Allaire*, 37 N.J.L. 312; *Evansville Ice & Cold-Storage Co. v. Winsor*, 48 N.E. 592.

The January writing was probated by the assistant clerk. She had plenary authority to act. G.S. 2-10. The order admitting the February writing to probate made a few days after the assistant clerk had acted was made by the clerk himself. He was apparently inadvertent to the fact that his assistant had previously probated the January writing. When his attention was called to the prior probate, he properly vacated his order of April probating the February writing.

Affirmed.