IN THE MATTER OF THE WILL OF LOUIS DEMPSEY LAMB, DECEASED

No. 801SC143

(Filed 5 August 1980)

1. **Wills § 13– will of nonresident – copy filed in N.C. – caveat proper**
   Where a certified or authenticated copy or exemplification of a will of a

In re Lamb

nonresident together with the proceedings had in connection with its probate in another state is allowed, filed and recorded by the clerk of superior court in the same manner as if the original and not a copy had been produced, proved and allowed before such clerk, a caveat to the will may be properly entered.

2. **Executors and Administrators § 3– foreign administrators – no appointment of ancillary administrators – suspension of further proceedings in N.C. proper**

Propounders of a will who were appointed personal representatives by a Virginia court clerk but neither applied for nor were granted ancillary letters had no authority to administer the property of decedent in N.C.; therefore, the trial court did not err in ordering propounders "to suspend all further proceedings in relation to said Estate, except the preservation of the property, collection and payment of all just indebtedness ... pending a resolution of these issues by trial upon their merits."

APPEAL by propounders from *Barefoot, Judge*. Heard in PASQUOTANK County, by agreement, on 8 November 1979 on motion of propounders, Mildren L. Papuchis and Alice L. Ferrell, to dismiss this action and on motion of caveators for a "Restraining Order Pendente Lite." Order signed by Judge Barefoot dated 8 November 1979. Heard in the Court of Appeals 10 June 1980.

Louis Lamb died on 21 February 1979 and his purported will was admitted to probate in Virginia on 23 February 1979. At that time, two of his children (hereinafter the "propounders") were issued letters of administration. On 22 May 1979 his widow and four of decedent's other children (hereinafter the "caveators") filed a "Bill to Impeach Will" in Virginia. Then, on 2 November 1979, the caveators filed a caveat to the purported will with the Clerk of Superior Court in Perquimans County, North Carolina, where deceased owned property at his death, seeking to restrain the propounders from proceeding further with the administration of the estate pending the resolution of the issues raised by the caveat. In the caveat, the caveators alleged that on 11 May 1979 they submitted an exemplified copy of the purported will, offered for probate in Virginia, to the Clerk of Superior Court in Perquimans County, and that it "was allowed, filed and recorded as the Last Will and Testament of ... , deceased, as per N.C. G.S. Sec. 31-27" by the Clerk of Superior Court.

The Clerk of Superior Court of Perquimans County transferred the case to Superior Court for trial and directed the propounders to suspend all further proceedings concerning the estate, except the preservation of the property and collection and payment of debts and taxes, until the court resolved the issues. Propounders moved to dismiss the North Carolina caveat pursuant to Rule 12(b) for lack of subject matter jurisdiction and failure to state a claim for relief.

Superior Court Judge Barefoot denied the propounders' motion to dismiss and enjoined the propounders from further proceedings regarding the estate, except preservation of the property and the collection and payment of debts, pending resolution of the issues by trial on the merits. Propounders gave notice of appeal from this order.

*Twiford, Trimpi, Thompson & Derrick, by Russell E. Twiford, John G. Trimpi and O.C. Abbott, by James A. Beales, Jr., for the caveators.*

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and John H. Hall, Jr., for the defendant propounders.*

MARTIN (Robert M.), Judge.

The issue raised by the first two assignments of error is whether a caveat may be entered to the recordation of the exemplification of a will and its probate in another state pursuant to G.S. 31-27. If so, the denial of propounders' motion to dismiss the caveat for lack of subject matter jurisdiction was proper. An appeal lies immediately from the refusal to dismiss a cause for want of jurisdiction. *Kilby v. Dowdle,* 4 N.C. App. 450, 166 S.E. 2d 875 (1969).

The record in the present case indicates (1) apparent due probate of the will of Louis Dempsey Lamb in Virginia Beach, Virginia, (2) a certified and authenticated copy or exemplification of such will and of the order of probate produced and exhibited before the Clerk of Superior Court of Perquimans County, (3) the filing and recordation of said will by the Clerk of Superior Court of Perquimans County pursuant to G.S. 31-27

and (4) the entry of a caveat to the recordation of the exemplification of the will and foreign order of probate.

The proposition that there can be a valid caveat to the recordation of an exemplification or authenticated copy of a will was approved by Chief Justice Stacy in *In re Will of Chatman*, 228 N.C. 246, 45 S.E. 2d 356 (1947), upon the authority of *McEwan v. Brown*, 176 N.C. 249, 97 S.E. 20 (1918). The propounders have sought to persuade this Court that the caveat in *Chatman* was proper because the exemplified copy of the will in that case had, in fact, been probated by the Clerk of Superior Court of New Hanover County whereas the will of Louis Dempsey Lamb in the present case has not been probated by the Clerk of Superior Court of Perquimans County. The propounders contend that where there is no duly probated will there can be no properly constituted caveat under G.S. 31-32 which provides that a caveat may be entered to the "probate" of a will.

[1] We have examined the record on appeal in *Chatman* and agree that an order of probate by the Clerk of Superior Court of New Hanover County appears therein although it is not referred to in the court's reported opinion of that case. Chief Justice Stacy in *Chatman* states that the caveat appears "to the recordation of the exemplification of the will and the proceedings had in connection with its [South Carolina] probate … " 228 N.C. at 247, 45 S.E. 2d at 357. The decision allowing the caveat does not rest upon the probate of the will in this State but upon its recordation. Moreover, an examination of the record in *McEwan*, the case upon which *Chatman* relies, reveals only that the exemplification of the will and of its probate in Virginia was "allowed, filed, and recorded" in this State. We hold that where a certified or authenticated copy or exemplification of a will of a nonresident together with the proceedings had in connection with its probate in another state is allowed, filed and recorded by the clerk of superior court in the same manner as if the original and not a copy had been produced, proved and allowed before such clerk, a caveat to the will may be properly entered.

We note that G.S. 28A-26-8, which states that an adjudication of a claim rendered in any jurisdiction in favor of or against any personal representative of the estate of a nonresident dece-

dent is binding on the ancillary personal representative in this State and on all parties to the litigation, "is limited to adjudication of *claims;* therefore, it does not change current North Carolina law which permits a caveat in this state to a will probated in the domicile when such will purports to pass title to real property in this state." Aycock, Article 26 — Foreign Personal Representatives and Ancillary Administration, 11 Wake Forest L. Rev. 75, 80 (1975).

Defendants by their third and fourth assignments of error contend that the court committed prejudicial error in ordering a preliminary injunction against the propounders, who were appointed personal representatives of the estate of decedent in Virginia, enjoining them from proceeding with the administration of the estate.

The Clerk of Superior Court of Perquimans County, having jurisdiction over the caveat, proceeded under G.S. 31-33 and G.S. 31-36 to transfer the cause to the superior court for trial and to order the propounders to suspend proceedings under the will. Thereupon propounders motioned the superior court to dismiss the action for lack of subject matter jurisidiction and for failure to state a claim. The propounders did not appeal to the superior court from the order of the clerk directing the propounders to suspend proceedings under the will and the propriety of the clerk's order under G.S. 31-36 is not before us. When the clerk of court transferred the cause to the civil issue docket for trial by jury, jurisidiction to determine the whole matter in controversy as well as the issue of *devisavit vel non,* passed to the superior court. G.S. 1-276; *In re Will of Wood,* 240 N.C. 134, 81 S.E. 2d 127 (1954). Therefore, Judge Barefoot had full jurisdictional power and authority to rule on caveators' motion for a temporary restraining order against propounders enjoining them from proceeding further in the administration of the estate until a resolution of the issues raised in the caveat.

[2] Propounders argue that because the only personal representatives of the estate were appointed by the Clerk of Circuit Court of Virginia Beach and because there are no personal representatives of the estate appointed by the clerk in North

Carolina, the court cannot prohibit personal representatives duly appointed by the Court in Virginia from proceeding with their duties. We do not agree.

"Letters testamentary and letters of administration have no legal force or effect beyond the limits of the state in which they are granted. That is, the personal representative cannot by virtue of his appointment exercise power over the decedent's property which is located in a state other than the one in which he was appointed unless authorized by the law of such state." 1 N. Wiggins, Wills and Administration of Estates in N.C. § 224 (1964). It is clear that the propounders, domiciliary personal representatives of a nonresident decedent, could have been granted ancillary letters testamentary upon application to the clerk of superior court of Perquimans County pursuant to G.S. 28A-26-3 governing ancillary administration. The domiciliary personal representatives of the nonresident decedent, after qualifying as ancillary personal representatives in this State, would then be authorized to administer the North Carolina estate of the nonresident decedent. G.S. 28A-26-5; 1 N. Wiggins, Wills and Administration of Estates in N.C. § 225 (Supp. 1978). However, since the propounders have not applied for or been granted ancillary letters, they have no authority to administer the property of decedent in North Carolina. It follows, therefore, that the court did not err in ordering propounders "to suspend all further proceedings in relation to said Estate, except the preservation of the property, collection and payment of all just indebtedness, as may be allowed by Order of the Court pending a resolution of the issues by trial upon their merits."

The propounders by their fifth assignment of error contend that the trial court committed prejudicial error in making findings of fact not supported by competent evidence in the record. We agree that Findings of Fact Nos. 4 and 9 are unsupported by the record. However, we do not find prejudicial error as these facts are not necessary to support the order of the trial court. As to the propounders' contention that there is no evidence to support the finding that "the paperwriting dated December 9, 1977, was allowed, filed and recorded as the Last Will and Testament of Louis Dempsey Lamb by the Clerk of Superior Court of

Perquimans County . . . ," the propounders concede in the statement of facts in their brief that the caveators "filed" an exemplified copy of said will in the office of the clerk of court. The caveators in a verified complaint allege that the same was "allowed, filed and recorded" by the clerk of superior court, and the propounders concede that "[b]y so doing, we are entirely satisified that the will is legally sufficient to pass title to the real estate located in Perquimans County, North Carolina." Furthermore, it appears from the record that the will and order of probate in Virginia was submitted to the clerk for recordation. While it may have been better practice for the clerk to have issued an order that the exemplification of the will and its probate, which had been produced and exhibited before him, be allowed, filed and recorded, we are satisfied that the evidence supports the necessary finding of fact that this has been done. The remaining findings of fact are supported by the evidence and are sufficient to support the order of the court denying the motion to dismiss the caveat and entering a temporary restraining order against propounders. The order of the court is

Affirmed.

Judges HEDRICK and MARTIN (Harry C.), concur.