IN THE MATTER OF THE WILL OF LOUIS DEMPSEY LAMB, DECEASED

No. 63

(Filed 8 July 1981)

**1. Wills § 9.1— domicile of deceased—effect of decision by foreign court**

Comity does not require that the North Carolina court in which a will is offered for probate recognize the conclusion of domicile reached by a foreign court.

**2. Wills § 13— foreign order of probate of will—caveat to will**

A caveat may not be entered to the recordation of an exemplification or authenticated copy of a will and foreign order of probate which has been allowed, filed and recorded in the office of the clerk pursuant to G.S. 31-27 but can only be entered to the probate of such will.

ON propounders' petition for discretionary review of a decision of the Court of Appeals, 48 N.C. App. 122, 268 S.E. 2d 831 (1980), which affirmed an order of *Barefoot, J.*, entered 8 November 1979 in Superior Court, PASQUOTANK County denying propounders' motion to dismiss the purported caveat and allowing caveators' motion for a restraining order *pendente lite*. We allowed propounders' petition on 7 October 1980.

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and John H. Hall, Jr.,* attorneys for defendant appellants.

*Twiford, Trimpi, Thompson & Derrick, by Russell E. Twiford and John G. Trimpi; O. C. Abbott, P.A. by O. C. Abbott and James A. Beales, Jr.,* attorneys for caveators.

MEYER, Justice.

Louis Dempsey Lamb died 21 February 1979 in Baltimore, Maryland. Decedent left surviving a widow and a total of ten children by two marriages. On 23 February 1979, within two days after decedent's death, his will was admitted to probate in common form in the Circuit Court of the City of Virginia Beach, Virginia. On the same date two of his children were issued letters of administration. These two children, Alice Lamb Ferrell, Executrix and Mildred Lamb Papuchis, Administratrix C.T.A. were the propounders of the will in Virginia and are petitioners in this action. For the sake of convenience, they are hereinafter referred to as "propounders" although testator's alleged will has not been

probated in this State. A bill to impeach will (caveat) was filed in Virginia on 22 March 1979 by decedent's widow Ellie Ferrell Lamb and four of decedent's other children, Ellodia Lamb Raby, C. D. Lamb, Hattie Lamb Harris and Florence Lamb Boone (hereinafter "caveators"). Caveators contended *inter alia* that the Virginia court had no jurisdiction to admit decedent's will to probate and that the will was void by reason of lack of competency of the testator to make a will and undue influence.

On 9 April 1979 the Circuit Court entered a decree temporarily enjoining and restraining the propounders from continuing to administer the estate. Apparently an evidentiary hearing limited to the question of jurisdiction was held before the judge of the Virginia Circuit Court on 7 June 1979. However, no transcript of any such evidentiary hearing appears in the record before this Court nor in the record before the Court of Appeals.

On 19 June 1979 propounders filed an answer to the caveat in the Virginia case denying the material allegations of the caveat. On 23 August 1979 the judge of the Virginia Circuit Court informed the parties by letter that he had determined that decedent had abandoned his home in North Carolina, that at the time of his death decedent was a resident of Virginia Beach, and that the Virginia court had jurisdiction. The letter indicated to the parties that they should proceed to set the matter for hearing on the other issues (competency to make a will, undue influence, etc.). The record before us does not disclose what further proceedings, if any, have occurred in the Virginia Circuit Court.

On 11 May 1979 counsel for caveators of the will before the Virginia court forwarded the following letter to the Clerk of Superior Court of Perquimans County, North Carolina:

TO:

Clerk of Court—Perquimans County

129 North Church Street

Hertford, North Carolina 27944

Please record exemplified copy of will of Lewis [sic] Lamb.

Check for filing fee attacked. [sic]

If incorrect let me know.

                    Thanks,

Enclosed with the letter was an exemplified copy of the Virginia proceedings including decedent's will. The clerk of court placed those documents in a file, and filed them in the clerk's office.

On 2 November 1979 caveators filed a caveat to decedent's will in the Superior Court, Perquimans County. At that time testator's alleged will had not been probated in North Carolina, nor has it since. In the caveat the caveators gave notice that they would seek a restraining order *pendente lite* prohibiting the executrix and administratrix C.T.A. appointed by the Virginia court from proceeding with the administration of the estate in North Carolina. On 7 November 1979 propounders filed a motion to dismiss the caveat pursuant to Rule 12(b) of the Rules of Civil Procedure. By consent the matter came on for hearing before Judge Barefoot in Pasquotank County on 8 November 1979. Judge Barefoot first heard the motion of the propounders to dismiss. At that hearing the propounders offered into evidence the exemplified copy of the record of the proceedings in the Circuit Court of the City of Virginia Beach, Virginia, including decedent's will, and the file in the office of the Clerk of Superior Court of Perquimans County, North Carolina. Both the statement of case on appeal and Judge Barefoot's order refer to a "petition" filed in the Perquimans County proceeding by the caveators seeking an order *pendente lite* restraining further administration of the estate pending resolution of the issues raised in the pleadings. This petition was not made a part of the record on appeal but was allowed by Judge Barefoot in his order of 8 November 1979. By that order Judge Barefoot overruled propounders' motion to dismiss and allowed caveators' petition for a restraining order *pendente lite*. The propounders appealed to the Court of Appeals which affirmed Judge Barefoot's order.

The caveators in the proceeding before the Circuit Court of the City of Virginia Beach, Virginia and in the proceeding in Superior Court, Perquimans County, North Carolina are the same parties. The allegations by caveators in both proceedings as to the invalidity of the will, to-wit, a lack of sufficient mental or testamentary capacity to execute the will and coercion and undue influence, are essentially the same.[1]

---

1. There are additional allegations. The caveat filed in the North Carolina proceedings also alleges that the signature on the purported will is not that of the

At the hearing on propounders' motion to dismiss the caveat proceeding in Perquimans County, Judge Barefoot had before him memoranda of law, verified pleadings, an affidavit of plaintiff caveators and the contents of the clerk's file: a record of the Virginia proceedings and an exemplified copy of a paper writing purported to be the last will of Louis Lamb. Judge Barefoot also heard arguments of counsel.

The documentary evidence before Judge Barefoot is replete with contradictory allegations. Caveators allege that decedent was a resident and domiciliary of the State of North Carolina;[2] that the decedent had no known residence in the City of Virginia Beach, owned no real estate or estate of any kind anywhere in Virginia, and did not die in Virginia; but to the contrary was a resident and domiciliary of North Carolina and that all of his estate, including all real property and personal property, is situate in North Carolina. Propounders deny that decedent was not a resident of the City of Virginia Beach but admit that decedent owned no land in Virginia. They neither admit nor deny caveators' allegations that all of decedent's estate is located in North Carolina but demand strict proof thereof. Decedent's will was executed in Norfolk on 9 December 1977 but recites that the testator is a resident of Hertford County, North Carolina.

[1] With those conflicting allegations as background, we now move to a consideration of the issue before this Court. The issue of the jurisdiction of the Virginia Circuit Court to admit the will of Louis Dempsey Lamb to probate in that state was argued in that court. It is not before the appellate courts of this State. Because it may become an issue in future proceedings in this State, we will simply note that domicile is a question of fact. The Circuit Court in Virginia and the superior court in Perquimans County, North Carolina (if the alleged will is offered for probate there), may reach different conclusions with respect to the question of the domicile of the testator at the time of his death. An ex-

---

decedent and that the will was not "executed according to law and witnesses," while the caveat filed in the Virginia proceeding also alleges that the purported will "was not executed with the formalities required by law."

2. Because the parties have stipulated in the record before this Court that verifications need not be printed we must assume that the Bill to Impeach Will and all other pleadings were properly verified.

press adjudication by the Virginia Circuit Court in the probate proceeding before it that the decedent was a resident of Virginia at the time of his death would not be binding on the superior court in Perquimans County in the probate proceeding before it. Comity does not require that the North Carolina court in which the will is offered for probate recognize the conclusion of domicile reached by the foreign court. *In re Will of Marks*, 259 N.C. 326, 130 S.E. 2d 673 (1963), and cases there cited.[3]

[2] The narrow issue presented by this appeal is whether the caveat action in Perquimans County is properly brought where, as here, the clerk of court has not entered an order admitting an exemplified copy of the will to probate in common form but has simply received and filed the copy of the will.

In pertinent part, G.S. 31-27 provides:

Whenever any will made by a citizen or subject of any other state or country is duly proven and allowed in such state or country according to the laws thereof, a copy or exemplification of such will and of the proceedings had in connection with the probate thereof, duly certified, and authenticated by the clerk of the court in which such will has been proved and allowed, . . . when produced or exhibited before the clerk of the superior court of any county wherein any property of the testator may be, shall be allowed, filed and recorded in the same manner as if the original and not a copy had been produced, proved and allowed before such clerk. . . . Any copy of a will of a nonresident heretofore allowed, filed and recorded in this State in compliance with the foregoing shall be valid to pass title to or otherwise dispose of real estate in this State.

Caveators contend that allowing, filing and recording by the clerk is nothing more than an administrative, as opposed to a

3. Assuming *arguendo* that the testator's domicile at the time of his death was in Virginia, probate of the testator's will could have been had in the first instance in North Carolina without regard to whether the Virginia proceeding was ever undertaken. *In re Will of Cullinan*, 259 N.C. 626, 131 S.E. 2d 316 (1963); *In re Will of Marks*, 259 N.C. 326, 130 S.E. 2d 673 (1963). This apparently is in accord with the generally recognized view. *See* Annot., "Probate in State Where Assets Are Found, of Will of Nonresident Which Has Not Been Admitted to Probate in State of Domicile," 20 A.L.R. 3d 1033, 1043 (1968).

judicial, function and that when the clerk accepted physical possession of the will, he "allowed" it; that when he placed it in his office in a folder or court shuck, he "filed" it; and when he assigned the file a number and put it in a metal cabinet, he "recorded" it. The propounders, on the other hand, contend that the allowing, filing and recording is a judicial process and not a perfunctory matter to be presumed by merely filing the will in a folder.

The Court of Appeals held that a caveat may be properly entered to the recordation of an exemplification or authenticated copy of a will and foreign order of probate that has been "allowed, filed and recorded" in the office of the clerk but which has not been probated. The holding of that court on this issue was as follows:

> The decision allowing the caveat does not rest upon the *probate* of the will in this State but upon its recordation . . . . We hold that where a certified or authenticated copy or exemplification of a will of a nonresident together with the proceedings had in connection with its probate in another state is allowed, filed and recorded by the clerk of superior court in the same manner as if the original and not a copy had been produced, proved and allowed before such clerk, a caveat to the will may be properly entered. (Emphasis added.)

48 N.C. App. at 125, 268 S.E. 2d at 833-34.

In reaching that result, the Court of Appeals relied upon the cases of *In re Will of Chatman*, 228 N.C. 246, 45 S.E. 2d 356 (1947) and *McEwan v. Brown*, 176 N.C. 249, 97 S.E. 20 (1918). We believe such reliance to be misplaced. As the Court of Appeals recognized, *Chatman* is clearly distinguishable in that, although it is not referred to in this Court's reported opinion, an examination of the record on appeal discloses that the will there was actually probated by the clerk of superior court in New Hanover County. In *Chatman*, the testator's will was probated in South Carolina. A certified and authenticated copy or exemplification of the will and of the proceedings had in connection with the probate in South Carolina was produced and exhibited before the clerk of Superior Court, New Hanover County, who then probated the will.

*McEwan* was a civil action to remove a cloud on title and did not involve a caveat. We have reviewed the record on appeal in *McEwan* and find that, though not mentioned in the opinion of this Court, the Clerk of Superior Court, Beaufort County entered an order on 20 January 1916 as follows:

> It appearing to the satisfaction of the Court from the exemplification of the record hereinafter mentioned, that the last will and testament of Sylvester Brown, deceased, a citizen of Norfolk County and State of Virginia, has been duly proved and allowed in the proper court of probate of said county and State, according to the laws of said State, and it further appearing that the said Sylvester Brown left property in the county of Beaufort and State of North Carolina, it is therefore ordered and adjudged that the exemplification of said will and of its probate in the proper court of Norfolk County and State of Virginia, which has been produced and exhibited here duly certified and authenticated, be allowed, recorded and filed in this Court.

This Court held in *McEwan* that if a will is executed and probated in another state, and a certified copy has been filed in the office of the superior court in the county in North Carolina wherein the land lies and that copy is relied upon to pass title to real property here, if it appears from that copy of the will that the law of this State has not been sufficiently complied with, the heirs at law in possession may maintain an action to declare the writing a cloud upon their title. The beneficiary under the will may then offer it for probate in solemn form, and issues as to mental incapacity or other matters affecting the validity of the will may also be raised. Any implication in *McEwan* that a caveat may be offered to a foreign will that has been allowed, filed and recorded, but not offered for probate, in this State is expressly overruled.

In this jurisdiction, the right to contest a will by caveat is given by statute; and the procedure to be followed is outlined in the statute conferring the right. *In re Will of Brock*, 229 N.C. 482, 50 S.E. 2d 555 (1948); G.S. 31-32 to 37.

G.S. 31-32 provides in pertinent part: "At the time of application for *probate* of any will, and the *probate* thereof in common form . . . any person entitled under such will, or interested in the

estate, may appear . . . before the clerk . . . and enter a caveat to the *probate* of such will . . . ." (emphasis added). This statute permits a person in interest to caveat an alleged will offered for probate and to contest the validity of such alleged will *before* it has been admitted to probate. *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330 (1950).

The word "probate" means the judicial process by which a court of competent jurisdiction in a duly constituted proceeding tests the validity of the instrument before the court, and ascertains whether or not it is the last will of the deceased. *In re Will of Marks,* 259 N.C. 326, 130 S.E. 2d 673 (1963); *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330 (1950); *Steven's Executors v. Smart's Executors,* 4 N.C. 83 (1814).

The propounders contend that where there is no duly probated will there can be no properly constituted caveat under G.S. 31-32 to the "probate" of a will. We agree.

We find the language of Rodman, J., in *In re Will of Marks,* 259 N.C. 326, 130 S.E. 2d 673 (1963), pertinent here:

> The will of a resident of this state should be probated in the county of his domicile. G.S. 28-1(1). When a resident of this state dies outside the state and his will is probated in another state, a duly certified copy of the will so probated may be offered for original probate in this state, and its validity as a testamentary disposition of property established in the same manner as if the original had been offered for probate here. G.S. 31-22. When the will of a nonresident dying outside the state disposes of property in the state, the will may be offered for original probate before the clerk of the county in which the property is situated. G.S. 28-1(3). Instead of offering such will for original probate in this state, the interested parties may have it probated in the state in which the testator was domiciled. When probated according to the laws of that state, an exemplified copy of the will and the probate proceedings may be brought to this state and probated here.

*Id.* at 330, 130 S.E. 2d at 676.

In *Marks,* two reported wills of the same testator were probated in the same county in North Carolina. The first to be

probated, by an assistant clerk, was dated January 1961. A subsequently executed will, dated February 1961, which by its terms revoked all prior wills, was later probated by the principal clerk, who was apparently unaware of his assistant's prior action, by means of an exemplified copy of a South Carolina probate proceeding. The clerk, upon learning of the prior probate, vacated his order probating the later will dated February 1961. This Court affirmed the order of the clerk. We held that after the first will was probated it was error to allow the probate of the second will without first attacking the first probate by caveat, in which caveat proceeding parties interested in the second will executed in the other state could offer to probate the second will in solemn form or controvert the facts of the deceased's domicile. In *Marks*, the foreign will was actually probated in North Carolina. While *Marks* is factually distinguishable, it does stand for the proposition that a foreign will should be *probated* even if the probate is accomplished by means of an exemplified copy of the foreign probate proceedings.

The opinion of this Court in *Brissie v. Craig*, 232 N.C. 701, 62 S.E. 2d 330 (1950), makes it clear that the probate powers of the judiciary afford a complete remedy to a person interested *against* an alleged will in instances where those interested *for* the alleged will do not offer it for probate. He may invoke such remedy by the simple expedient of simultaneously applying to the clerk of the superior court having jurisdiction to have the script probated and filing a caveat at the same time asking that it be declared invalid as a testamentary instrument. In *Brissie* plaintiffs brought a civil action to annul or cancel an alleged unprobated will as a cloud on title and prayed that the paper writing "be declared . . . not to be the last will" of the decedent, and that they, as decedent's heirs at law, be adjudged the owners of all of his property free from the claims of the defendants. The defendants claimed that the decedent devised property to them by a will which had never been offered for probate.

In an especially eloquent opinion, Justice Ervin wrote in part:

Notwithstanding the vindication of their claim is dependent solely upon the lawful establishment of the paper writing in dispute as the valid will of the deceased, the defendants take no steps to offer the script for probate before the only

tribunal having jurisdiction of the matter, *i.e.*, the Clerk of the Superior Court of Mecklenburg County. Their neglect in this respect provokes this civil action by the plaintiffs, who entertain the motion that the defendants have paralyzed the probate powers of the judiciary by failing to ask the Clerk of the Superior Court to adjudge that the paper is the will of the decedent.

. . . .

Ordinarily a proceeding for the probate of a will is begun by a person who claims under the paper and instinctively makes the allegation that the script is the last will of the decedent. There is no reason in logic, however, why the proceeding should not be initiated by a person who claims against the instrument and makes the counter allegation that it is not the last will of the deceased.

. . . .

. . . [T]he statute permits a person interested in the estate of a supposed testator to present an alleged will for probate merely for the purpose of obtaining an adjudication of its invalidity. (Citations omitted.)

232 N.C. at 704-05, 62 S.E. 2d at 333-34. *See* Note, Wills—Caveat by Proponent, 29 N.C.L. Rev. 331 (1951).

In the case before us the clerk did not enter an order allowing, filing and recording testator's will in Perquimans County. The Court of Appeals suggested that it may have been better practice for the clerk to enter such an order. We believe that his failure to do so is in no way determinative here since a formal order of the clerk simply "allowing, filing and recording" does not rise to the dignity of an order of probate to which a caveat may be properly entered.

We hold that a caveat may not be entered to the recordation of an exemplification or authenticated copy of a will and foreign order of probate that has been allowed, filed and recorded in the office of the clerk, but can only be entered to the probate of such will.

If propounders offer the will for probate in North Carolina, the caveators may of course enter a caveat. If they do not offer

the will for probate, nothing in the record before us prohibits the caveators themselves from offering the will of Louis Dempsey Lamb for probate in solemn form before the clerk in Perquimans County for the purpose of obtaining an adjudication of its validity.

The caveat being defective, the clerk's order transferring the cause to the civil issue docket for trial was without effect; therefore, Judge Barefoot lacked jurisdiction to rule on propounders' motion to dismiss and caveators' motion for a temporary restraining order and he erred in doing so. The decision of the Court of Appeals affirming Judge Barefoot's orders must be reversed and the cause remanded to that court so that these orders may be vacated and the cause further remanded to the Superior Court, Perquimans County for dismissal.

Reversed and remanded.